*In re* LEMUEL TOLEDO TOLEDO, querellado.

*Número:* O-74-133     *Resuelto:* 13 de febrero de 1975

PER CURIAM: El querellado fue admitido al ejercicio de la abogacía el 27 de septiembre de 1956. El 5 de octubre de ese mismo año fue admitido a ejercer como notario. Por resolución de 19 de mayo de 1972 este Tribunal lo suspendió permanentemente del ejercicio del notariado y el 15 de marzo de 1974 ordenamos la formulación de querella de desaforo, que fue oportunamente presentada por la Procuradora General imputándole tres cargos consistentes en (1) no poner a disposición del Inspector de Protocolos sus protocolos y registros de afidávit para examen en su oficina notarial en violación al Art. 38 de la Ley Notarial (4 L.P.R.A. 1038); (2) desobedecer varias resoluciones de este Tribunal en las cuales se le ordenaba mostrar causa por la cual no debía ser disciplinado por incumplimiento de la Ley Notarial y por negarse a entregar su obra notarial, y (3) no mantener ni conservar íntegros sus protocolos y no dar cuenta de la pérdida de ellos en violación a las Secs. 1033, 1034 y 1037 del Título 4 de las Leyes de Puerto Rico Anotadas.

Tras alguna demora en las diligencias del Alguacil de este Tribunal para notificar la querella al querellado, debido a que se hallaba fuera de Puerto Rico, éste compareció por escrito el 25 de noviembre de 1974 en que aceptó lo imputado en los cargos y expresó, bajo su firma, en síntesis que aceptaba haber realizado los actos indicados y no haber actuado conforme a las órdenes de este Tribunal, y a manera de explicación a su proceder explicó que:

a) desde 1967 en adelante comenzó a sufrir ciertos problemas emocionales que le obligaron a recurrir a ayuda profesional médica y que estuvo y continúa bajo tratamiento profesional todo lo cual evidencia con certificados médicos al efecto; que mientras atravesaba dicha crisis emocional se le extraviaron de su oficina a mediados del año 1972 sus protocolos que no ha podido localizar a pesar de las numerosas gestiones que ha realizado a esos fines; en ese estado salió de Puerto Rico y entonces, a solas con su conciencia, pudo

iniciar un proceso de autoanálisis e introspección que finalmente le condujeron a aceptar, en forma consciente, la realidad de que había incurrido en faltas graves y que las mismas debían aclararse y corregirse;

b) todos sus protocolos perdidos, excepto el del último año, habían sido inspeccionados y aprobados por el Inspector de Protocolos;

c) su práctica notarial siempre fue bastante limitada y sus protocolos no eran voluminosos y aseguró a este Tribunal que las limitadas transacciones en las cuales intervino como notario siempre se condujeron correctamente y conforme a la Ley y no intervino en ellas acto alguno de su parte que pudiera causar perjuicio a un tercero;

d) al momento en que el Inspector de Protocolos y este Tribunal solicitaban la entrega de sus protocolos éste, en la confusión mental creada por su condición, tuvo el temor de expresar que se le habían extraviado y que ignoraba su paradero y confiaba entonces que podría eventualmente hallarlos y producirlos sin consecuencias adversas para él ni para ninguna otra persona;

e) asegura a este Tribunal que nunca fue su intención menospreciar ni desafiar la autoridad del Tribunal y ofrece sinceras excusas por no haber cumplido sus órdenes en el momento en que fueron emitidas.

A manera de corroboración a lo anteriormente expresado y como un medio de demostrar su buena fe e interés en corregir en lo posible las consecuencias de sus actos, el querellado nos informa que está dispuesto a incurrir en los gastos que fuesen necesarios para tratar de reconstruir sus protocolos de escrituras mediante la publicación por el tiempo que este Tribunal creyere conveniente en un periódico de mayor circulación de Puerto Rico de un aviso redactado en los términos que exija este Tribunal invitando a los otorgantes a suministrar copia de las escrituras autorizadas por él o los datos esenciales sobre las mismas.

El Tribunal, después de examinar la querella y los hechos aducidos en la contestación del querellado, así como todas las circunstancias concurrentes, y considerado además el allanamiento de la Procuradora General, estima que procede separar indefinidamente al querellado del ejercicio de su profesión de abogado sin perjuicio de que éste pueda ser reinstalado oportunamente cuando acredite a satisfacción de este Tribunal haberse rehabilitado emocionalmente y estar en condiciones de ejercer la abogacía. Se dispondrá, según propone el propio querellado, que éste publique, con la intervención del Director de Inspección de Notarías o de aquel Inspector de Protocolos que el Director designe, a costa de su propio peculio, un aviso en un periódico de general circulación en Puerto Rico, una vez por semana durante cuatro semanas consecutivas, solicitando de aquellas personas que hubieren otorgado instrumentos ante él como notario que presenten, en el lugar y fechas que acuerden, copias de los instrumentos o información que permita rehacer su obra notarial.

Los Jueces Asociados, Señores Rigau y Cadilla Ginorio, no intervinieron.