*In re* ÁNGEL MUNDO RODRÍGUEZ.

*Números:* MC-87-8    *Resueltos:* 16 de octubre de 1992
MC-87-17

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Alberto Oscar Couret Torres, Procurador General Auxiliar, y Eliadís Orsini Zayas, Procuradora General Auxiliar*, abogados de El Pueblo; *Ángel Manuel Mundo Rodríguez, pro se.*

PER CURIAM: El 26 de febrero de 1987 ordenamos al Procurador General investigar la conducta del Lcdo. Ángel Mundo Rodríguez en relación al caso de *Dora Hernández y otros v. Carlos Santiago Auto Sales y otros*, Civil Núm. 85-2786, que se ventilaba ante la Sala de Carolina del Tribunal de Distrito. El referido abogado dejó de comparecer a varios señalamientos ante dicha sala. La parte que dicho abogado representaba, alegó que se le hizo imposible conseguir al abogado para que éste le entregara el expediente del caso. Dicha parte expresó, bajo juramento, que el licenciado Mundo Rodríguez se encontraba hospitalizado bajo tratamiento siquiátrico, por lo que no estaba en condiciones de proseguir con la representación del caso. El juez que presidía la sala detuvo los procedimientos y nos remitió el caso para que nos expresáramos sobre una posible violación a los Cánones de Ética Profesional.

El Procurador General rindió su informe y nos indicó que el licenciado Mundo padece de una condición mental,

por lo que estuvo recluido en la sección de cuidado intensivo de siquiatría del Hospital de Veteranos.[1] En su contestación a la querella, dicho abogado expresó que "no [podía dormir], estaba inquieto, desesperado, [sentía] miedo de ser perseguido y [sentía] otras cosas que le recordaban a Vietnam". *Exhibit* III, pág. 5. En vista de estas circunstancias, designamos al Lcdo. Agustín Mangual Hernández para que actuara en calidad de Comisionado Especial a tenor con lo dispuesto en la Regla 13.1 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, y recibiera prueba sobre la condición mental del licenciado Mundo Rodríguez.[2]

El licenciado Mundo fue sometido al examen de un panel de siquiatras integrado por los Drs. José O. Fernández Cuevas, René Álvarez Silva y Eduardo C. Castro Urrutia. Dichos peritos emitieron sus correspondientes informes ante el Comisionado Especial, los que fueron estipulados por ambas partes. Se desprende de las referidas evaluaciones que el licenciado Mundo sufre un trastorno depresivo moderado crónico causado por su dependencia en el uso de bebidas embriagantes. Los tres facultativos coinciden en que su condición persitirá mientras el licenciado Mundo continúe haciendo uso de bebidas alcohólicas.

Surge de las evaluaciones siquiátricas a las que fue sometido que el licenciado Mundo comenzó a ingerir alcohol en forma excesiva desde que participó en el servicio militar durante la guerra de Vietnam. Más tarde su problema se agravó hasta el punto que ha descuidado su responsabilidad como abogado. Inclusive, admitió haber perdido el contacto con la realidad durante su hospitalización.

En el procedimiento iniciado contra él a raíz de una querella presentada por su cliente, el Sr. Roberto Ayuso Man-

---

[1] Consta en autos una certificación de dicha institución que acredita este hecho.

[2] Acordamos consolidar el asunto MC-87-17 con el caso MC-87-8.

gual, se alegó que el licenciado Mundo Rodríguez desatendió sus funciones como representante legal en el caso, con la consecuencia de que a su cliente se le impusieron sanciones. La repetida ausencia del licenciado Mundo a los señalamientos y su incumplimiento con las órdenes del tribunal ocasionaron que dicho foro eliminara las alegaciones y dictara sentencia en contra de su cliente. Durante todo ese tiempo, el licenciado Mundo estuvo hospitalizado, por lo que no se encuentra capacitado para ostentar la representación legal de su cliente adecuadamente.

Para efectos de este tipo de procedimiento disciplinario, la Regla 13.1(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A, define la incapacidad mental de un abogado como "una condición mental o emocional tal que impida al abogado asumir competente y adecuadamente la representación legal de sus clientes o le impida mantener el patrón de conducta profesional que debe observar todo abogado ...". Dicha condición será causa de suspensión indefinida. *Hemos resuelto que este tipo de suspensión por incapacidad mental constituye una medida especial de protección social y no un desaforo.* Dicha medida se tomará cuando la condición física o emocional que sufra el abogado lo incapacite de manera tal que no pueda cumplir fielmente con el deber de guardar la confianza pública depositada en él al ser admitido a la práctica de la profesión. *In re Miranda Cruz*, 116 D.P.R. 709 (1985); *In re Calderón Molinary*, 115 D.P.R. 796 (1984); *In re Lanauze Ortiz*, 114 D.P.R. 682 (1983); *In re Suárez Burgos*, 108 D.P.R. 1 (1978). Veánse, además: *In re Toledo Toledo*, 103 D.P.R. 373 (1975); P. Malavet Vega, *El Notariado Puertorriqueño*, 55 (Núm. 1) Rev. Jur. U.P.R. 53, 62 (1986).

Conforme a la prueba presentada, el Comisionado Especial concluyó que el licenciado Mundo Rodríguez sufre de un trastorno depresivo moderado crónico causado por el abuso del alcohol. A su juicio, dicha condición lo incapacita

para asumir adecuadamente la representación legal de sus clientes y mantener el patrón de conducta profesional que debe observar todo abogado. En su informe recomendó la suspensión indefinida del ejercicio de la abogacía. Hemos examinado el expediente y coincidimos con el Comisionado en que el licenciado Mundo Rodríguez no está capacitado para ejercer la profesión en forma adecuada y cabal. Así quedó demostrado por su comportamiento al intervenir en el caso que provoca este procedimiento. *Tampoco se nos ha informado, por ninguna de las partes, que dicha incapacidad, o situación, haya desaparecido, o cambiado, al presente.*

■ Cabe señalar que la incapacidad mental producida por el abuso del alcohol es motivo de sanciones disciplinarias en varias jurisdicciones, aunque igualmente se reconoce que su propósito es el de proteger el interés público y la integridad de la profesión legal, en lugar de castigar al abogado. *Matter of Hirschberg*, 565 A.2d 610 (1989); *Matter of Lovell*, 357 S.E.2d 92 (1987); *The Florida Bar v. Larkin*, 420 So.2d 1080 (1982); *Committee on Professional Ethics, etc. v. Sloan*, 262 N.W.2d 262 (1978); *In Re Lewelling*, 417 P.2d 1019 (Or. 1966); *In re Lanahan*, 389 P.2d 263 (Az. 1964).

■ En virtud de lo dispuesto por la citada Regla 13.1 del Reglamento del Tribunal Supremo, *se separa al Lcdo. Ángel M. Mundo Rodríguez indefinidamente del ejercicio de la abogacía y de la notaría, considerando esta separación como una medida especial de protección social y no como un desaforo. En caso de que cesare su incapacidad, podrá solicitar su reinstalación conforme lo dispone el inciso (h) de la Regla 13.1 de nuestro Reglamento, 4 L.P.R.A. Ap. I–A. El Alguacil General procederá a incautarse de la obra notarial del referido abogado, debiendo entregar la misma a la Oficina de Inspección de Notarías.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.