*In re* RODRÍGUEZ ÁLVAREZ, querellado.

*Número:* CP-90-97          *Resuelto:* 18 de mayo de 1993

*Jorge Pérez Díaz* y *Anabelle Rodríguez, Procuradores Generales, Norma Cotti Cruz, Subprocuradora General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pueblo; *Rafael Rodríguez Álvarez, pro se; F. Ariel Avilés Rodríguez,* abogado del querellado; *Salvador Acevedo Colón, Comisionado Especial.*

PER CURIAM: El 2 de noviembre de 1987, la Oficina del Procurador General presentó ante nos un informe sobre la conducta profesional del Lcdo. Rafael Rodríguez Álvarez. Mediante resolución emitida el 10 de enero de 1990, ordenamos a dicha oficina a formular la querella correspondiente. El 31 de enero de 1990, el Procurador General presentó una querella contra Rodríguez Álvarez por conducta impropia mientras actuaba como notario público. Se le imputó haber autorizado varias escrituras públicas de compraventas, en las cuales figuraban como partes vendedoras personas que ya habían fallecido para las fechas indicadas en las escrituras.

A raíz de esta querella, el 6 de abril de 1990 nombramos como Comisionado Especial del caso al Lcdo. José M. Aponte Jiménez.

Luego de varios incidentes procesales, la representación

legal del querellado solicitó al Comisionado Especial que los procedimientos del presente caso se llevaran a cabo bajo la Regla 13.1 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A, en vista de que el licenciado Rodríguez Álvarez alegadamente se encontraba incapacitado mental y físicamente para asumir de forma competente y adecuada la representación legal de sus clientes. También se solicitó, mediante moción, que se paralizara y se dejara sin efecto cualquier señalamiento en el caso.

El 28 de noviembre de 1990 el Comisionado Especial acogió la solicitud de la parte querellada y suspendió los procedimientos hasta tanto este Tribunal se expresara en relación con esa solicitud. Dos días después, el licenciado Aponte Jiménez nos informó acerca de su inhibición en este caso.

Mediante resolución, el 21 de diciembre de 1990 aceptamos la inhibición del licenciado Aponte Jiménez y se le relevó de sus funciones; se ordenó la paralización de los procedimientos del caso y se le concedió al Procurador General un término de veinte días para que se expresara en torno a la petición del querellado en relación con la Regla 13.1 de este Tribunal, *supra.*

Luego de examinar la moción en cumplimiento de nuestra resolución presentada por el Procurador General, en la cual éste expresó que no se oponía a la petición del licenciado Rodríguez Álvarez, el 8 de febrero de 1991 autorizamos que los procedimientos contra el querellado se llevasen a cabo bajo la Regla 13.1 de nuestro Reglamento, *supra.* Se hizo constar la salvedad señalada por el Procurador de que si en este proceso se determinaba que el querellado estaba incapacitado mentalmente, una vez éste solicitara nuevamente su reinstalación, la querella presentada en su contra sería dilucidada en sus méritos. También nombramos al Lcdo. Salvador Acevedo Colón

como nuevo Comisionado Especial, y se le instruyó señalar una vista para el caso a la mayor brevedad posible.

El 20 de mayo de 1991 se celebró la conferencia con antelación a la vista del caso en la cual las partes informaron los nombres de sus respectivos peritos. Por el Procurador General sería el Dr. José E. Villanueva, por el querellado el Dr. José Coballes (luego sustituido por el Dr. Rafael Cruz Mora) y por el Comisionado Especial el Dr. Luis Torres Aguiar (luego sustituido por la Dra. Haydeé Santiago Lugo). Las partes acordaron que los peritos examinarían al querellado, harían sus informes y notificarían a las partes y al Comisionado. Se señaló la vista del caso en su fondo para el 7 de agosto de 1991.

Dicha vista fue pospuesta en varias ocasiones hasta que, finalmente, se celebró el 4 de junio de 1992. Las partes estipularon que el caso se resolviera a base de los informes de los peritos psiquiátricos antes mencionados.

El Procurador General solicitó —y así lo aceptó el Comisionado— que si algún día el licenciado Rodríguez Álvarez solicitaba su reinstalación se vería el caso en sus méritos.

El 4 de diciembre de 1992 se presentó ante nos el informe del Comisionado Especial en el cual se enumeran varios padecimientos físico-emocionales del querellado.

Concluyó el Comisionado que, debido a su enfermedad, el juicio del querellado se encuentra afectado para evaluar la realidad inmediata y reconocer las consecuencias de sus actos; que por su condición física y emocional el querellado no puede de manera competente y adecuada representar a sus clientes ni mantener el patrón de conducta adecuado que debe observar un abogado.

El Comisionado recomendó que, de curarse el abogado querellado de su condición física-emocional y éste solicitara su reinstalación, se deberían continuar los procedimientos en su contra por la vía ordinaria.

El 21 de diciembre de 1992 el querellado compareció ante nos mediante su representante legal para expresarnos su conformidad con el informe del Comisionado y solicitarnos la separación indefinida del querellado del ejercicio de su profesión.

Examinado el expediente del caso, el informe del Comisionado y los informes escritos de los tres peritos psiquiatras, de los cuales se desprende la condición física y mental del querellado, procede decretar su suspensión indefinida como abogado-notario.

En *In re Suárez Burgos*, 108 D.P.R. 1 (1978), resolvimos que es procedente suspender indefinidamente del ejercicio de la abogacía a un abogado cuya condición mental, física o emocional le impida asumir competente y adecuadamente la representación legal de sus clientes y mantener el patrón de conducta que debe observar todo abogado. Expresamos, en adición, que dicha separación indefinida por razón de incapacidad mental constituye una medida de protección social y no un desaforo.

Por las razones anteriormente expresadas, *se ordena el archivo por tiempo indefinido de la queja presentada en este caso y se suspende indefinidamente al Lcdo. Rafael Rodríguez Álvarez del ejercicio de la abogacía y del notariado por razón de incapacidad mental.*

*Se dictará sentencia de conformidad.*