*In re* CARLOS J. PÉREZ SANTIAGO.

*Número:* AB-95-49        *Resuelto:* 21 de noviembre de 1997

*Carlos Lugo Fiol, Procurador General, y Edna E. Rodríguez Benítez, Procuradora General Auxiliar,* abogados en informe; *Luis E. Rodríguez Santiago,* abogado del querellado; *Flavio E. Cumpiano Villamor, Comisionado Especial.*

PER CURIAM: Examinado el Informe del Comisionado Especial, nombrado por el Tribunal para evaluar la condición mental del Lcdo. Carlos J. Pérez Santiago como medida de protección social, procede su separación indefinida de la profesión de abogado por razón de incapacidad, según lo dispuesto en la Regla 15 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXII-A.

I

Atendida una comparecencia especial de la entonces Juez Administradora del Centro y la Región Judicial de Ponce, Hon. Elba Rosa Rodríguez Fuentes, le ordenamos al Procurador General investigar las condiciones físicas y mentales del Lcdo. Carlos J. Pérez Santiago para poder determinar su capacidad para ejercer la profesión de abogado. En su comparecencia, la Juez Administradora nos expresó su preocupación de que en los últimos años

Pérez Santiago había tenido un marcado deterioro físico y mental que podía afectar los derechos de los ciudadanos a quienes representaba.

En su informe, el Procurador General señaló que durante los últimos tres (3) o cuatro (4) años "el deterioro físico y mental del Licenciado Pérez Santiago ha sido notable", por lo que recomendó que se iniciara un procedimiento para determinar su condición mental a tenor de la Regla 14 del entonces vigente Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.([1])

Al surgir de dicho informe la posibilidad de que el abogado querellado se encontrara incapacitado mentalmente, este Tribunal ordenó mediante Resolución de 9 de febrero de 1996 que, en conformidad con el Procedimiento establecido en la Regla 15 del Reglamento de este Tribunal vigente el 1ro de mayo de 1996, *supra*, se procediera a hacer una determinación sobre la condición mental del licenciado Pérez Santiago. Con estos propósitos se nombró al licenciado Flavio Cumpiano como Comisionado Especial.

El abogado querellado fue examinado por el psiquiatra Dr. Roberto A. Capestany, quien rindió un informe sobre la condición mental del licenciado Pérez. Tanto la Oficina del Procurador General como el representante legal del licenciado Pérez expresaron no tener objeción alguna al informe médico rendido por el doctor Capestany, y dieron el asunto por sometido sin necesidad de que se efectuasen ulteriores evaluaciones médicas.

Oportunamente el Comisionado Especial nos rindió un informe en el que señaló, en parte, que el licenciado Pérez Santiago estuvo recluido en el Hospital de Veteranos en el 1996, ocasión en la que se le diagnosticó demencia orgánica (*dementia decompensated*).

Asimismo, el historial médico preparado por el doctor

---

([1]) El licenciado Pérez Santiago ha sido previamente objeto de censuras por este Tribunal y ha sido suspendido de la profesión de abogado y notario por incumplir los cánones de ética profesional. *In re Pérez Santiago*, 131 D.P.R. 676 (1992).

Capestany revela que el licenciado Pérez Santiago padece de hipertensión y diabetes mellitus y ha sufrido dos (2) derrames cerebrales, condiciones que pueden haber tenido repercusiones adversas en su funcionamiento cerebral. También le fue diagnosticada una demencia vascular con delirios, que consiste en un trastorno de las facultades mentales, generalmente progresivo y fatal. El doctor Capestany, tras haber examinado al licenciado Pérez, concluyó que éste padece de depresión; tiene dificultad para expresarse adecuadamente, y presenta síntomas de severas deficiencias cognoscitivas. Este diagnóstico concuerda con el realizado por el Hospital de Veteranos, tras la reclusión del licenciado Pérez Santiago en 1996.

## II

Hemos expresado reiteradamente que procede suspender indefinidamente del ejercicio de la abogacía a un abogado cuya condición mental, física o emocional le impida asumir competente y adecuadamente la representación legal de sus clientes y mantener el patrón de conducta que debe observar todo abogado. Dicha separación indefinida, por razón de incapacidad mental, constituye una medida de protección social y no un desaforo. Regla 15 del Reglamento de este Tribunal, vigente el 1ro de mayo de 1996, *supra; In re Rodríguez Álvarez*, 133 D.P.R. 358 (1993); *In re Mundo Rodríguez*, 131 D.P.R. 713 (1992); *In re Melecio Morales*, 121 D.P.R. 161 (1988); *In re Miranda Cruz*, 116 D.P.R. 709 (1985); *In re Calderón Molinary*, 115 D.P.R. 796 (1984); *In re Lanauze Ortiz*, 114 D.P.R. 682 (1983); *In re Suárez Burgos*, 108 D.P.R. 1 (1978); *In re Toledo Toledo*, 103 D.P.R. 373 (1975).

Examinado el informe del Comisionado Especial y el informe del perito psiquiátrico, el cual no fue objetado por el abogado querellado, es obvio que el licenciado Pérez San-

tiago padece de una condición mental que le impide ejercer adecuadamente la profesión de abogado

En virtud de lo dispuesto en la citada Regla 15 del Reglamento de este Tribunal, *supra*, se separa al licenciado Pérez Santiago indefinidamente de la abogacía y la notaría, pero considerando esta separación como una medida especial de protección social y no como un desaforo.

*Se dictará la sentencia correspondiente.*