*In re* HÉCTOR A. COSTA DEL MORAL.

*Número:* TS-3078          *Resuelto:* 10 de junio de 2005

*Israel Pacheco Acevedo,* secretario ejecutivo del Fondo de Fianza Notarial del Colegio de Abogados; *Howard A. Smith,* médico del Hospital Ryder Memorial, Inc.

PER CURIAM: Ante la falta de pago por el Lcdo. Héctor A. Costa del Moral de la prima de su fianza notarial, el pasado 18 de febrero de 2005 emitimos una resolución en la que le concedimos un término de veinte días para mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría. Esa resolución fue enviada al abogado por correo certificado.

El licenciado Costa del Moral no contestó, por lo que el 31 de marzo de 2005 le concedimos un plazo final de diez días para cumplir con esa orden. Además, dispusimos que la notificación de esa nueva resolución se llevara a cabo a través de la Oficina del Alguacil del Tribunal.

Dicha notificación personal se realizó el 21 de abril de 2005. Según consta del diligenciamiento, el licenciado Costa del Moral fue localizado en una institución para pacientes de condiciones que afectan sus facultades mentales. Posteriormente, por conducto del Alguacil del Tribunal, recibimos una misiva de un médico de dicha institución. Ese doctor informa que el licenciado Costa del Moral en efecto reside en la institución y que se encuentra bajo tratamiento médico por razón de una condición permanente y degenerativa. El médico concluye, entre otras cosas, que el padecimiento del licenciado Costa del Moral le incapacita para administrar sus bienes.

# I

En el ejercicio de nuestra función reguladora de la profesión de la abogacía, y de acuerdo con nuestro Reglamento,[1] en ocasiones nos hemos encontrado ante la necesidad de suspender a algunos letrados por razón de su salud mental. Al así actuar, hemos buscado proteger al público de los efectos nocivos de tener un representante legal que, por su condición mental, no está capacitado para llevar a cabo su labor competentemente. La suspensión de un abogado en esas circunstancias también abona al buen funcionamiento de nuestro sistema judicial y a los mejores intereses de la clase togada en general. A esos efectos, hemos expresado que cuando se suspende a un abogado por razón de incapacidad mental, dicha separación no constituye un desaforo, sino una medida de protección social. *In re Mundo Rodríguez*, 146 D.P.R. 639 (1998); *In re Pérez Santiago*, 144 D.P.R. 376 (1997); *In re Rodríguez Álvarez*, 133 D.P.R. 358 (1993); *In re Suárez Burgos*, 108 D.P.R. 1 (1978).

En atención a lo anterior, hemos suspendido a abogados por razón de incapacidad mental cuando, por ejemplo, sufren de una adicción a alguna sustancia controlada —*In re Gómez Morales*, 124 D.P.R. 383 (1989)—[2] o de desórdenes psiquiátricos —*In re Melecio Morales*, 121 D.P.R. 161 (1988)— incluyendo esquizofrenia y otras condiciones —*In re Miranda Cruz*, 116 D.P.R. 709 (1985)— ciertos tipos de demencia —*In re Pérez Santiago*, supra— y trastornos de-

---

[1] La Regla 15(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, dispone:

"La incapacidad mental, definida como una condición mental o emocional tal que impida al(a la) abogado(a) asumir competente y adecuadamente la representación legal de sus clientes o que le impida mantener el patrón de conducta profesional que debe observar todo(a) abogado(a), será causa de suspensión indefinida del(de la) abogado(a) incapacitado(a)."

[2] En este caso el abogado fue reinstalado condicionalmente a la abogacía en *In re Gómez Morales*, 146 D.P.R. 837 (1998), y relevado de cumplir con las condiciones y reinstalado a la notaría en *In re Gómez Morales*, 158 D.P.R. 663 (2003).

presivos causados por la dependencia alcohólica. *In re Mundo Rodríguez*, 131 D.P.R. 713 (1992).

■ En la mayoría de las ocasiones en que, como medida de protección social, nos vemos obligados a suspender a un abogado que se encuentra incapacitado mentalmente, lo hacemos luego de llevar a cabo un procedimiento disciplinario especial en el que un Comisionado Especial —nombrado específicamente para esa tarea— recibe prueba de un panel de psiquiatras que ha examinado al abogado en cuestión. Regla 15(c) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A.[3] En esos casos, el procedimiento se realiza como respuesta a una preocupación sobre la capacidad mental del abogado que surge en el contexto de otro procedimiento disciplinario o de la conducta desplegada por el letrado ante los tribunales. Regla 15(c) y (g) del Reglamento del Tribunal Supremo, *supra*. A modo de ejemplo, véanse: *In re Melecio Morales*, supra; *In re Mundo Rodríguez*, supra (resueltos bajo disposición análoga del derogado Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A); *In re Pérez Santiago*, supra.

■ No obstante, ese trámite se vuelve innecesario cuando la incapacidad mental del abogado queda acreditada por el hecho de mediar una declaración judicial de incapacidad o por estar recluido en un hospital u otro tipo de institución de cuido de enfermos mentales. Así, la Regla 15(b) de nuestro Reglamento, *supra*, dispone:

> (b) Si un(a) abogado(a) fuere declarado(a) incapaz judicialmente o fuere recluido(a) por incapacidad en una institución para enfermos mentales, probado el hecho, el tribunal le suspenderá del ejercicio de la profesión mientras subsista su enfermedad.

---

[3] Tras escuchar la prueba pericial del panel de psiquiatras sobre la salud mental del abogado, el Comisionado Especial rinde un informe que utiliza este Tribunal para determinar si procede la suspensión por razón de incapacidad mental. Regla 15(a) y (g) del Reglamento del Tribunal Supremo, *supra*.

■ En *In re Gómez Vázquez*, 145 D.P.R. 382 (1998), utilizamos esta regla para suspender indefinidamente a un abogado que llevaba varios años padeciendo de Alzheimer y al que un tribunal competente había declarado incapaz y le había nombrado tutor. Ante el hecho que ya mediaba declaración de incapacidad, suspendimos al licenciado Gómez Vázquez sin necesidad de trámite ulterior alguno. Allí expresamos que

> [c]uando la condición mental, física o emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad (citando a *In re Lanauze Ortiz*, 114 D.P.R. 682 (1983)). Íd., pág. 383.

## II

En este caso ha quedado debidamente probado que el Lcdo. Héctor A. Costa del Moral reside en una institución para el cuido de pacientes con condiciones que afectan sus facultades mentales. Fue allí donde el Alguacil de este Tribunal lo localizó y pudo diligenciar nuestra Resolución de 31 de marzo de 2005. Además, un médico de la susodicha institución se ha comunicado con nosotros y nos ha confirmado por escrito que el abogado está recluido allí y que está incapacitado.

Ante la realidad de que el Lcdo. Héctor A. Costa del Moral sufre de una condición que afecta su capacidad mental y que se encuentra recluido por ello en una institución para el cuido de ese tipo de padecimiento, *corresponde, de acuerdo con la Regla 15(b) de nuestro Reglamento*, supra, *suspender al abogado indefinidamente de la abogacía y la notaría*. En este caso, al igual que en los antes reseñados, la suspensión no debe considerarse un desaforo sino una medida de protección social.

*El Alguacil de este Tribunal se incautará inmediatamente de la obra y del sello notarial del Sr. Héctor A. Costa*

*del Moral para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.*

*Se dictará sentencia de conformidad.*