EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2005 TSPR 88 |
| Héctor A. Costa del Moral | 164 DPR \_\_\_\_ |

Número del Caso: TS-3078


Fecha: 10 de junio de 2005



Colegio de Abogados de Puerto Rico:

Lcdo. Israel Pacheco Acevedo
Secretario Ejecutivo




Materia: Conducta Profesional
        (La suspensión del abogado advino final y firme el  día
        20 de junio de 2005.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Héctor A. Costa del Moral          TS-3078

PER CURIAM

San Juan, Puerto Rico, a 10 de junio de 2005.

Ante la falta de pago por el Lcdo. Héctor A. Costa del Moral de la prima de su fianza notarial, el pasado 18 de febrero de 2005 emitimos una Resolución en la que le concedimos un término de veinte (20) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría. Esa Resolución fue enviada al abogado por correo certificado.

El Lcdo. Costa del Moral no contestó, por lo que el 31 de marzo de 2005 le concedimos un plazo final de diez (10) días para cumplir con esa orden. Además, dispusimos que la notificación de esa nueva Resolución se llevara a cabo a través de la Oficina del Alguacil del Tribunal.

Dicha notificación personal se realizó el 21 de abril de 2005. Según consta del diligenciamiento, el Lcdo. Costa del Moral fue localizado en una institución para pacientes de condiciones que afectan sus facultades mentales. Posteriormente, por conducto del Alguacil del Tribunal, recibimos una misiva de un médico de dicha institución. Ese doctor informa que el Lcdo. Costa del Moral en efecto reside en la institución y que se encuentra bajo tratamiento médico por razón de una condición permanente y progresiva. El médico concluye, entre otras cosas, que el padecimiento del Lcdo. Costa del Moral le incapacita para administrar sus bienes.

## I.

En el ejercicio de nuestra función reguladora de la profesión de la abogacía, y a tenor con nuestro Reglamento,[1] en ocasiones nos hemos encontrado ante la necesidad de suspender a algunos letrados por razón de su salud mental. Al así actuar hemos buscado proteger al público de los efectos nocivos de tener un representante legal que, por su condición mental, no está capacitado para llevar a cabo su labor competentemente. La suspensión de un abogado en esas circunstancias también abona al buen funcionamiento de

---

[1] Regla 15(a) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-A, que reza:
> La incapacidad mental, definida como una condición mental o emocional tal que impida al (a la) abogado (a) asumir competente y adecuadamente la representación legal de sus clientes o que le impida mantener el patrón de conducta profesional que debe observar todo (a) abogado (a), será causa de suspensión indefinida del (de la) abogado(a) incapacitado (a).

nuestro sistema judicial y a los mejores intereses de la clase togada en general. A esos efectos, hemos expresado que cuando se suspende a un abogado por razón de incapacidad mental, dicha separación no constituye un desaforo, sino una medida de protección social. In re: Ángel M. Mundo Rodríguez, 146 DPR 639 (1998), In re: Carlos J. Pérez Santiago, 144 DPR 376 (1997), In re: Rodríguez Álvarez, 133 DPR 358 (1993), In re: Miguel A. Suárez Burgos, 108 DPR 1 (1978).

En atención a lo anterior, hemos suspendido a abogados por razón de incapacidad mental cuando, por ejemplo, sufren de una adicción a alguna sustancia controlada, In re: Víctor Gómez Morales, 124 DPR 383 (1989),[2] o de desórdenes psiquiátricos, In re: César A. Melecio Morales, 121 DPR 161 (1988), incluyendo esquizofrenia y otras condiciones, In re: Luis Miranda Cruz, 116 DPR 709 (1985), ciertos tipos de demencia, In re: Carlos Pérez Santiago, supra, y trastornos depresivos causados por la dependencia alcohólica, In re: Ángel Mundo Rodríguez, 131 DPR 713 (1992).

En la mayoría de las ocasiones en que, como medida de protección social, nos vemos obligados a suspender a un abogado que se encuentra incapacitado mentalmente, lo hacemos luego de llevar a cabo un procedimiento disciplinario especial en el que un Comisionado Especial,

---

[2] Reinstalado condicionalmente a la abogacía en In re: Gómez Morales, 146 DPR 837 (1998). Relevado de cumplir con las condiciones y reinstalado a la notaría en In re: Gómez Morales, 2003 TSPR 24, res. el 21 de febrero de 2003.

nombrado específicamente para esa tarea, recibe prueba de un panel de psiquiatras que ha examinado al abogado en cuestión. Regla 15 (c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-A R. 15.[3] En esos casos, el procedimiento se realiza como respuesta a una preocupación sobre la capacidad mental del abogado que surge en el contexto de otro procedimiento disciplinario o de la conducta desplegada por el letrado ante los tribunales. Regla 15 (c) y (g) del Reglamento del Tribunal Supremo, *supra*. A modo de ejemplo, *véanse*, In re: César Melecio Morales, *supra*, In re: Ángel Mundo Rodríguez, 131 DPR 713 (1992) (resueltos bajo disposición análoga del anterior Reglamento del Tribunal Supremo, 4 LPRA Ap. I-A, derogado), In re: Carlos Pérez Santiago, *supra*.

No obstante, ese trámite se vuelve innecesario cuando la incapacidad mental del abogado queda acreditada por el hecho de mediar declaración judicial de incapacidad, o por estar recluido en un hospital u otro tipo de institución de cuido de enfermos mentales. Así, la Regla 15 (b) de nuestro Reglamento, *supra*, dispone:

> Si un(a) abogado(a) fuere declarado incapaz judicialmente o fuere recluido(a) por incapacidad en una institución para enfermos mentales, probado el hecho, el tribunal le suspenderá del ejercicio de la profesión, mientras subsista su enfermedad.

---

[3] Tras escuchar la prueba pericial del panel de psiquiatras sobre la salud mental del abogado, el Comisionado Especial rinde un informe que utiliza este Tribunal para determinar si procede la suspensión por razón de incapacidad mental. Regla 15 del Tribunal Supremo, *supra,* incisos (c) y (g).

En In re: Víctor Manuel Gómez Vázquez, 145 DPR 382 (1998), utilizamos esta regla para suspender indefinidamente a un abogado que llevaba varios años padeciendo de Alzheimer y al que un tribunal competente había declarado incapaz y le había nombrado tutor. Ante el hecho que ya mediaba declaración de incapacidad, suspendimos al Lcdo. Gómez Vázquez sin necesidad de trámite ulterior alguno. Allí expresamos que "cuando la condición mental, física o emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones y los deberes propios de la práctica de la abogacía, es menester suspender indefinidamente del ejercicio de la profesión legal al letrado mientras subsista su incapacidad" (citando a In re: Lanauze Ortiz, 114 DPR 682 (1983)).

## II.

En este caso ha quedado debidamente probado que el Lcdo. Héctor A. Costa del Moral reside en una institución para el cuido de pacientes con condiciones que afectan sus facultades mentales. Fue allí donde el Alguacil de este Tribunal lo localizó y pudo diligenciar nuestra Resolución de 31 de marzo de 2005. Además, un médico de la susodicha institución se ha comunicado con nosotros y nos ha confirmado por escrito que el abogado está recluido allí y que está incapacitado.

Ante la realidad que el Lcdo. Héctor A. Costa del Moral sufre de una condición que afecta su capacidad mental y que se encuentra recluido por ello en una institución

para el cuido de ese tipo de padecimiento, corresponde, a tenor con la Regla 15 (b) de nuestro Reglamento, *supra,* suspender al abogado indefinidamente de la abogacía y la notaría. En este caso, al igual que en los antes reseñados, la suspensión no debe considerarse un desaforo sino una medida de protección social.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial del Sr. Héctor A. Costa del Moral para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

   Héctor A. Costa del Moral       TS-3078


SENTENCIA


San Juan, Puerto Rico, a 10 de junio de 2005.


     Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integral de la presente se dicta sentencia decretando la suspensión indefinida de la abogacía y la notaría de Héctor A. Costa del Moral. La suspensión no debe considerarse un desaforo sino una medida de protección social.

     El Alguacil de este Tribunal se incautará de inmediato de la obra y sello notarial de Héctor A. Costa del Moral, luego de lo cual los entregará a la Directora de la Oficina de Inspección de Notarías.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


             Aida Ileana Oquendo Graulau
             Secretaria del Tribunal Supremo