
Versión para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 209 |
| | 183 DPR ____ |
| Luis A. Garrastegui Pellicia | |

Número del Caso: TS-1440

Fecha: 27 de octubre de 2011

Abogado del Querellado:

Lcdo. Reinaldo Otero Santiago

Oficina del Procurador General:

Lcda. Zaira Z. Girón Anadón,
Subprocuradora General

Lcda. Leticia Casalduc Rabell
Subprocuradora General

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar

Oficina de Inspección de Notarías:

Lcda. Lourdes Quintana Lloréns

Materia: Materia: Conducta Profesional- La suspensión será efectiva el 10 de enero de 2012 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Garrastegui Pellicia          TS-1440

PER CURIAM

En San Juan, Puerto Rico a 27 de octubre de 2011.

El día de hoy, luego de celebrar un proceso evidenciario complejo y detallado, y, con el interés de garantizar la protección de la ciudadanía que descansa en la calidad de los servicios legales que reciben, nos corresponde suspender preventivamente de la abogacía al Lcdo. Luis A. Garrastegui Pellicia conforme a la Regla 15(f) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R.15.

I.

El licenciado Garrastegui Pellicia fue admitido al ejercicio de la abogacía el 24 de febrero de 1950 y prestó juramento como notario el 28 de febrero del mismo año y desde entonces ha ejercido la abogacía con dedicación y compromiso.

El 4 de mayo de 2005, la Sra. Edmé Castellar Velázquez presentó la queja AB-2005-107, mediante la cual alegó que el abogado de epígrafe había autorizado unas escrituras que, por sus defectos, le privaron de una propiedad que le pertenecía mediante herencia. A raíz de esta queja, comenzamos el correspondiente procedimiento disciplinario. Como parte de dicho proceso, la Oficina de Inspección de Notarías (ODIN) presentó un Informe Preliminar sobre el Estado de la Notaría del abogado de epígrafe. En dicho informe, alegó que el licenciado Garrastegui Pellicia había abandonado su obra notarial y señaló que ésta contenía numerosas deficiencias.

Así las cosas, el licenciado Garrastegui Pellicia compareció por conducto de su representación legal y solicitó la conversión del procedimiento disciplinario a uno de incapacidad mental, según dispone nuestra Regla 15, *supra*. Tras varios incidentes procesales, ordenamos la conversión del procedimiento. Además, nombramos a la Hon. Crisanta González Seda como Comisionada Especial para que recibiera prueba sobre la capacidad mental o emocional del licenciado Garrastegui Pellicia.

Conforme al procedimiento dispuesto en la Regla 15, *supra*, se designaron tres peritos psiquiatras y se recibió la prueba pertinente. Aunque se estableció un plan de trabajo para las correspondientes evaluaciones con los peritos, éste no se pudo cumplir por la incomparecencia inicial del licenciado Garrastegui Pellicia.

El tracto procesal se complicó cuando la ODIN compareció ante la Comisionada Especial y notificó que, en el Tribunal

Municipal de Lares existía un caso radicado por el Departamento de la Familia en contra de los hijos del licenciado Garrastegui Pellicia por éstos alegadamente haber abandonado el cuidado y la alimentación de su padre. En una Resolución emitida por dicho tribunal, el Hon. Dennis Feliciano Crespo, Juez Municipal, advirtió una seria preocupación en cuanto a las condiciones de salud del licenciado Garrastegui Pellicia y su capacidad para ejercer la profesión. Además, expresó su preocupación porque varias personas le habían comunicado al Departamento de la Familia que el empleado del licenciado Garrastegui Pellicia, el Sr. Juan Ramón Vélez Pérez, era quien estaba redactando y realizando todos los trámites y documentos legales a nombre del abogado. Asimismo, el Tribunal Municipal ordenó que el Departamento de la Familia comenzara un proceso de Declaración de Incapacidad a favor del licenciado Garrastegui Pellicia en el Tribunal Superior de Utuado.

A raíz del caso ante el Tribunal Municipal de Lares, el abogado de epígrafe fue ingresado en el Asilo Municipal de Lares, hasta que el señor Vélez Pérez, empleado de Garrastegui Pellicia, asumió el cuidado y la tutela del abogado.

Posteriormente, la ODIN presentó ante nuestra consideración varios documentos públicos autorizados por el licenciado Garrastegui Pellicia luego del incidente ante el Tribunal de Lares y solicitó que se le suspendiera de la abogacía y la notaría. Esto, pues los referidos documentos

adolecían de varios defectos sustanciales que podrían afectar los derechos de los otorgantes.

En consecuencia, el 3 de enero de 2011, emitimos una Resolución mediante la cual le ordenamos al licenciado Garrastegui Pellicia que se abstuviera de realizar actos como notario. Igualmente, ordenamos a la Comisionada Especial que celebrara una vista para examinar los señalamientos que había hecho el Tribunal Municipal de Lares. Por último, le ordenamos a ODIN que ampliara su investigación para examinar las deficiencias de la obra notarial. Esta investigación culminó en la presentación de un informe completo por parte de ODIN en donde se detallan múltiples deficiencias en la obra notarial, tales como falta de sellos y notas de saca, aranceles incompletos, carencia de datos importantes sobre antecedentes, datos registrales, cargas y advertencias especiales. Además, la ODIN informó que existían al menos siete instrumentos autorizados durante el presente año, luego de habérsele ordenado al licenciado Garrastegui Pellicia que se abstuviera de ejercer la notaría. De otra parte, se informó que los documentos entregados no habían sido encuadernados. Finalmente, la ODIN nos informó que habían acudido al despacho del abogado y lo encontraron en un local no reportado a la ODIN, sin teléfono, agua o electricidad y ejerciendo la notaría en incumplimiento de nuestra Resolución.

Por su parte, el licenciado Garrastegui Pellicia negó las alegaciones de dicho informe y solicitó que se le devolviera su obra notarial para subsanarla.

El proceso continuó ante la Comisionada Especial y ésta recibió los informes de los tres peritos psiquiatras que evaluaron al licenciado Garrastegui Pellicia, conforme al procedimiento establecido en la Regla 15 de nuestro Reglamento, *supra*. Posteriormente, se celebró una vista para permitir que los peritos testificaran sobre sus respectivos informes. A dicha vista acudió la Oficina de la Procuradora General, el licenciado Garrastegui Pellicia, acompañado de su representante legal y los tres peritos. Con el beneficio de haber examinado el expediente del caso, incluyendo los informes de la ODIN, la grabación de un procedimiento ante el Tribunal de Primera Instancia en el cual participó el abogado de epígrafe y los informes de los peritos, la Comisionada Especial nos sometió su informe, según se le había solicitado.

En primer lugar, es preciso señalar que no hubo un consenso entre los tres peritos psiquiatras que evaluaron al abogado de epígrafe sobre el grado de deterioro de su salud. No obstante, dos de los peritos fueron categóricos en sus testimonios al expresar que por su condición física éste no debe continuar ejerciendo la abogacía. Quien único no compartió esa conclusión fue la perito designada por la Comisionada Especial. Sin embargo, esa doctora declaró en la vista, luego de escuchar el testimonio del licenciado Garrastegui Pellicia, que "podía pensar en que probablemente estaba incapacitado para ejercer la profesión". Informe de la Comisionada Especial, pág. 16. La Comisionada Especial también resaltó que en un informe de la misma perito, ésta

expresó que el peticionario no presenta deterioro en la orientación, memoria, inteligencia o abstracción, pero que "su uso del mecanismo de omnipotencia sí produce un menoscabo de su juicio, por ejemplo, al restarle alguna importancia a la magnitud de los errores y al querer con alguna arrogancia sin temor, defenderse por modo propio y airosamente ante el Tribunal Supremo". Informe de la Comisionada Especial, pág. 17.

De otro lado, el perito designado por el licenciado Garrastegui Pellicia concluyó que éste no puede trabajar como abogado. Fundamentó su opinión en que el abogado "ha estado disfuncionando hace varios años" y "presentó desorganización durante la entrevista, demostrando confabulación en su memoria, no oye bien, tiene desbalance motor, poca espontaneidad, ambivalencia y no se acordaba de las preguntas que se le hacían". Informe de la Comisionada Especial, pág. 19. Añadió que el licenciado Garrastegui Pellicia debe permanecer en su casa con supervisión directa para su condición física y demencial.

El tercer perito, designado por la Oficina de la Procuradora General, recomendó que "se retire al licenciado Garrastegui de la práctica".

De otra parte, la Comisionada Especial expresó reiteradamente su preocupación, en términos ético-disciplinarios, con que, alegadamente, el señor Vélez Pérez, ayudante del licenciado Garrastegui Pellicia, es quien le busca clientes para notaría y éste le paga la mitad de lo que cobra por cada documento público que autoriza. Además, la

Comisionada Especial concluyó que el abogado no realiza funciones para obtener los sellos necesarios para su obra notarial, sino que deja en manos de sus clientes cumplir con ese requisito. Por otro lado, su informe resalta que el licenciado Garrastegui Pellicia, a pesar de haber sido quien solicitó el presente procedimiento para determinar su incapacidad, ofreció tres versiones distintas a los tres peritos sobre las razones por las cuales se le ordenó entrevistarse con los médicos. Dichas explicaciones constan en los correspondientes informes de los psiquiatras y demuestran su incomprensión del actual procedimiento.

Es menester señalar que durante el actual proceso disciplinario se presentó la queja AB-2010-306 que, al igual que la queja AB-2005-107, fue paralizada mediante Resolución hasta tanto se atendiese la controversia sobre la posible incapacidad mental del abogado de epígrafe. Por los fundamentos que anteceden, la Comisionada Especial recomienda que separemos inmediatamente de la profesión al licenciado Garrastegui Pellicia como medida de protección social. Habiendo examinado detenidamente el informe sometido por la Comisionada Especial, el expediente completo de este abogado, así como los informes sometidos por los peritos psiquiatras que evaluaron al licenciado Garrastegui Pellicia, procedemos a resolver.

## II.

En el ejercicio de nuestro poder inherente para reglamentar la profesión legal, hemos tomado medidas reglamentarias para garantizarle a la ciudadanía que los

miembros admitidos en la profesión están mentalmente aptos para ejercerla. In re Gennoll Hernández Rodríguez, res. el 8 de abril de 2011, 2011 T.S.P.R. 61; In re Minerva Gutiérrez Santiago, res. el 22 de julio de 2010, 2010 T.S.P.R. 168. Ello busca lograr el buen funcionamiento del sistema judicial y los mejores intereses de los funcionarios y abogados que en ella laboran y postulan. Íd. Esto, además, responde a que los abogados puedan realizar sus labores profesionales competente y diligentemente, conforme a los Cánones 12 y 18 del Código de Ética Profesional. 4 L.P.R.A. Ap. IX.

Cuando la condición mental, física o emocional de un abogado no le permite ejercer cabal y adecuadamente todas las funciones de los deberes de la abogacía, corresponde su suspensión inmediata y mientras subsista su incapacidad. In re Valentín Maldonado, 178 D.P.R. 906 (2010).

A tales fines, la Regla 15 de nuestro Reglamento, *supra*, provee un procedimiento disciplinario especial para casos de incapacidad mental de un abogado o situaciones en las cuales se sospecha que un abogado sufre de una condición mental o emocional que le impide representar efectivamente a sus clientes. La referida regla, contiene un proceso donde se designa un Comisionado Especial y un panel de tres siquiatras.

En específico, la Regla 15(f) de nuestro Reglamento, *supra*, dispone que:

> Si durante los procedimientos disciplinarios contra un(a) abogado(a) al amparo de la Regla 14, la parte querellada planteara la defensa de insanidad mental, el Tribunal nombrará un(a) Comisionado(a) Especial para recibir prueba conforme al

procedimiento indicado en el inciso (c). En este caso el(la) Procurador(a) General intentará demostrar la sanidad mental de la parte querellada, con miras a continuar los procedimientos bajo los cargos que dieron base a la querella original. Si una vez rendido el informe del(de la) Comisionado(a) Especial, el Tribunal determinare que la parte querellada no está mentalmente incapacitada conforme al inciso (a) de esta Regla, se ordenará la continuación de los procedimientos por la querella original y la parte querellada pagará las costas del procedimiento de evaluación siquiátrica.

Es menester añadir que la suspensión preventiva de un abogado incapacitado no es un desaforo, sino una medida de protección social. In re Gennoll Hernández Rodríguez, *supra*; In re Costa del Moral, 164 D.P.R. 943, 945 (2005).

## III.

A la luz de la totalidad del expediente del presente procedimiento sobre incapacidad y, tras analizar detenidamente los correspondientes informes, acogemos las recomendaciones de la Comisionada Especial, Hon. Crisanta González Seda. El abogado de epígrafe se ha desempeñado en esta honrosa profesión por más de medio siglo. No obstante, y, a pesar de que nuestra determinación no constituye un desaforo, nos vemos obligados a separar al Lcdo. Luis A. Garrastegui Pellicia de la abogacía y de la notaría inmediata e indefinidamente con el fin de proteger a sus clientes. De la misma forma que el licenciado Garrastegui Pellicia ha dedicado su vida a defender los derechos de sus clientes, nos corresponde ahora velar por el trámite diligente de las causas de quienes visitan un profesional del Derecho en búsqueda de justicia.

Asimismo, se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta días.

Por último, se le ordena al Alguacil de este Tribunal que incaute el sello y la obra notarial del Lcdo. Luis A. Garrastegui Pellicia y los entregue a la Directora de la ODIN para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Garrastegui Pellicia          TS-1440


SENTENCIA

En San Juan, Puerto Rico a 27 de octubre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se separa al Lcdo. Luis A. Garrastegui Pellicia de la abogacía y de la notaría inmediata e indefinidamente con el fin de proteger a sus clientes.

Asimismo, se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta días.

Por último, se le ordena al Alguacil de este Tribunal que incaute el sello y la obra notarial del Lcdo. Luis A. Garrastegui Pellicia y los entregue a la Directora de la ODIN para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo