EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2014 TSPR 97 |
| Myriam Virola Santiago | 191 DPR ____ |

Número del Caso: TS-7393


Fecha: 5 de agosto de 2014


Abogado de la Parte Querellada:

      Lcdo. César Hernández Colón

Oficina de la Procuradora General:


      Lcda. Karla Pacheco Álvarez
      Subprocurador General

      Lcda. Gisela Rivera Matos
      Procuradora General Auxiliar

Comisionado Especial:

      Hon. Carlos S. Dávila Vélez


Materia: Conducta Profesional – La suspensión será efectiva el 7 de agosto de 2014, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Myriam Virola Santiago

                                    TS-7393




                              *PER CURIAM*

        En San Juan, Puerto Rico, a 5 de agosto de 2014.

                    La salud mental de los miembros que
                    componen la profesión legal es de
                    importancia trascendental no solo
                    para este Tribunal, sino para la
                    sociedad puertorriqueña. Esto es así
                    porque tenemos la encomienda de
                    asegurar que los abogados y abogadas
                    que practican el Derecho en nuestra
                    jurisdicción ejerzan sus funciones
                    con la mayor diligencia y
                    competencia. In re López Morales, 184
                    DPR 334 (2012).

        Tenemos ante nuestra consideración un Informe

del Comisionado Especial, Hon. Carlos Dávila Vélez,

en que se recomienda suspender indefinidamente de

la abogacía a la Lcda. Myriam Virola Santiago al

amparo de la Regla 15 de nuestro Reglamento, 4 LPRA

Ap. XXI-B, como una medida de protección social. Luego de analizar todos los documentos que obran en el expediente, acogemos la recomendación del Comisionado y suspendemos preventivamente a la licenciada Virola Santiago del ejercicio de la abogacía.

I

A la licenciada Virola Santiago se le admitió al ejercicio de la abogacía el 18 de noviembre de 1981 y al de la notaria el 4 de febrero de 1982. La licenciada Virola Santiago renunció al ejercicio de la notaría el 3 de octubre de 1997.

El 12 de diciembre de 2012, la Directora del Programa de Educación Jurídica Continua (PEJC), en representación de la Junta de Educación Continua, presentó ante este Foro un "Informe sobre incumplimiento con el requisito de educación jurídica continua". En ese informe se expuso que la licenciada Virola Santiago incumplió con los requisitos establecidos por el Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E, durante el periodo de 1 de febrero de 2007 al 31 de enero de 2009.

El 26 de diciembre de 2012, emitimos una Resolución concediéndole a la licenciada Virola Santiago un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión jurídica por incumplir con los requisitos del PEJC.

El 1 de marzo de 2013, recibimos en nuestra Secretaría una carta de la Sra. Marta López, hija de la licenciada

Virola Santiago, en la que indicó que su madre "se encuentra actualmente incapacitada y bajo tratamiento médico debido a padecimientos neurológicos". Acompañó con esa carta un escrito del Dr. Carlos Otero Rodríguez de 22 de junio de 2013, en el que se detalla las condiciones de salud que sufre la licenciada Virola Santiago.

Luego de analizar la comunicación de la señora López, emitimos una Resolución y designamos al Lcdo. Carlos Dávila Vélez como Comisionado Especial, al amparo de la Regla 15 de nuestro Reglamento, supra, para recibir prueba sobre la capacidad mental y emocional de la licenciada Virola Santiago.

Como la licenciada Virola Santiago no designó un siquiatra, como le permite la Regla 15(c) de nuestro Reglamento, supra, el Comisionado Especial nombró dos siquiatras, a saber, el Dr. Fernando Cabrera, Jr. y la Dra. Myra Zegarra Paz. La Procuradora General designó al Dr. Raúl E. López.

Los tres siquiatras evaluaron a la licenciada Virola Santiago y sometieron al Comisionado Especial sus informes respectivos. El doctor Cabrera sostuvo que la licenciada Virola Santiago "no puede trabajar como abogada". Reporte Psiquiátrico, 18 de noviembre de 2013, pág. 4. Por su parte, la doctora Zegarra Paz opinó que la licenciada "no está mentalmente capacitada para practicar la profesión de abogada". Informe Psiquiátrico, 5 de septiembre de 2013, págs. 6-7. Por último, el doctor López opinó que la

licenciada Virola Santiago tiene una incapacidad laboral moderada a severa. Evaluación de Incapacidad, 8 de julio de 2013, págs. 4-6.

El 6 de febrero de 2014, la licenciada Virola Santiago presentó una moción jurada en la que informa que el 3 de febrero de 2014 asistió a la oficina del Lcdo. César Hernández Colón y llevó consigo parte de la documentación relacionada con este procedimiento. Ese día dialogó con el licenciado Hernández Colón sobre los informes que presentaron en este caso los tres siquiatras. Además, la licenciada Virola Santiago declaró que acepta como correctos los hallazgos de los informes y reconoce que al presente no se encuentra capacitada para ejercer como abogada. Expuso que después de consultar con el licenciado Hernández Colón que una suspensión indefinida bajo la Regla 15 de nuestro Reglamento, supra, no es equivalente a un desaforo, se allana a que este Tribunal haga lo primero. También informó que no practica la profesión legal desde 1998 y al presente no tiene casos pendientes.

La Procuradora General compareció y expresó que no tiene reparo con lo declarado por la licenciada Virola Santiago ni con el contenido de los informes de los siquiatras.

El Comisionado Especial presentó su Informe. En esencia, nos recomienda que suspendamos indefinidamente a la Lcda. Miriam Virola Santiago del ejercicio de la profesión jurídica al amparo de la Regla 15 de nuestro Reglamento,

supra, como una medida de protección social. Además, nos sugiere que ordenemos el cierre administrativo del caso que pende ante el PEJC.

## II

Al ejercer nuestro poder inherente para reglamentar la profesión, debemos establecer medidas que garanticen que los abogados están aptos mentalmente para ejercer la profesión jurídica. In re De León Hernández, 187 DPR 1, 7 (2012); In re Garrastegui Pellicia, 183 DPR 251 (2011); In re Gutiérrez Santiago, 179 DPR 739, 743 (2010). Después de todo, este Tribunal debe asegurarse de que los abogados admitidos al ejercicio de la profesión puedan rendir su labor de manera competente y diligente, como requieren los Cánones 12 y 18 del Código de Ética Profesional, 4 LPRA Ap. IX. In re De León Hernández, supra, pág. 7.

La Regla 15 del Reglamento de nuestro Tribunal, supra, es un mecanismo profiláctico que "establece el procedimiento para separar indefinidamente a un abogado del ejercicio de la abogacía, por razón de una condición mental o emocional que le impida desempeñarse competentemente". In re López Morales, supra, pág. 347, citando a S. Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, Publicaciones JTS, (2010), pág. 373.

La Regla 15(a) del Reglamento de este Foro, supra, define incapacidad mental como sigue:

> (a) La incapacidad mental, definida como una condición mental o emocional tal que impida al abogado o a la abogada asumir competente y adecuadamente la representación legal de sus

clientes o que le impida mantener el patrón de conducta profesional que debe observar, será causa de suspensión indefinida del abogado incapacitado o de la abogada incapacitada.

Por otra parte, el inciso (g) de la Regla 15, íd., establece que la suspensión indefinida de un abogado por incapacidad mental o emocional, "no se considerará un desaforo, sino una medida especial de protección social". Véanse, In re Hernández Rodríguez, 181 DPR 643, 652 (2011); In re Costa del Moral, 164 DPR 943, 945 (2005).

III

Apreciamos la honestidad de la licenciada Virola Santiago que acepta que no está apta para ejercer como abogada. Ese reconocimiento, en unión a los informes periciales de los siquiatras y el escrito presentado por la Procuradora General, nos llevan a disponer la suspensión indefinida e inmediata de la Lcda. Miriam Virola Santiago del ejercicio de la profesión jurídica al amparo de la Regla 15 de nuestro Reglamento, supra, como una medida de protección social.

En vista del resultado al que llegamos, ordenamos el cierre administrativo del caso de la licenciada Virola Santiago que pende ante el Programa de Educación Jurídica Continua. Si en el futuro la licenciada Virola Santiago nos solicitara que se deje sin efecto la suspensión, deberá acreditar que cumplió con los requerimientos del Programa de Educación Jurídica Continua.

Notifíquese personalmente esta Opinión *Per Curiam* a la Lcda. Miriam Virola Santiago por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Myriam Virola Santiago                    TS-7393

SENTENCIA

En San Juan, Puerto Rico, a 5 de agosto de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, ordenamos el cierre administrativo del caso de la licenciada Virola Santiago que pende ante el Programa de Educación Jurídica Continua. Si en el futuro la licenciada Virola Santiago nos solicitara que se deje sin efecto la suspensión, deberá acreditar que cumplió con los requerimientos del Programa de Educación Jurídica Continua.

Notifíquese personalmente esta Opinión *Per Curiam* a la Lcda. Miriam Virola Santiago por la Oficina del Alguacil de este Tribunal.

Lo acordó y ordena el Tribunal, y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo