

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2011 TSPR 61 |
| Gennoll V. Hernández Rodríguez | 181 DPR ____ |

Número del Caso: TS        - 14 , 138

Fecha: 8 de abril de 2011

Abogado del Querellado:

> Por derecho Propio

Oficina del Procurador General

> Lcda. Minnie H. Rodríguez López
> Procuradora General Auxiliar

Colegio de Abogados:

> Lcda. Mady Pacheco
> Procuradora del Abogado        (a),
> del Colegio de Abogados de P.R.

Materia: Conducta Profesional           -   La suspensión será efectiva el 13 de abril de 2011 fecha en que se le notificó al                          abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electró                          nica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

|  |  | Sobre: |
|---|---|---|
| Gennoll V. Hernández Rodríguez | TS-14,138 | Regla 15 |

PER CURIAM

En San Juan, Puerto Rico, a 8 de abril de 2011.

En el presente caso, nos corresponde aplicar la presunción de incapacidad preceptuada en la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A R.15, que conlleva la separación preventiva inmediata de un abogado que no se somete al proceso de evaluación siquiátrica ordenado por este Tribunal.

Por las razones que exponemos a continuación, ordenamos la separación preventiva inmediata del licenciado Hernández Rodríguez del ejercicio de la abogacía.

I.

El licenciado Hernández Rodríguez fue admitido a la profesión legal el 6 de agosto de 2002.

## A.   Queja AB 2007-249

En agosto de 2007, el ex agente de la Policía de Puerto Rico, Sr. Abiezer Pagán Flores, presentó una queja contra el abogado de epígrafe en la Secretaría de este Tribunal. Alegó que su abogado en aquel entonces, quien se vio obligado a renunciar a su representación legal a raíz de un grave accidente de tránsito, le refirió al licenciado Hernández Rodríguez para que le representara en un proceso judicial ante el Tribunal de Apelaciones. El señor Pagán Flores adujo que se había reunido con el licenciado Hernández Rodríguez para entregarle todos los documentos que poseía sobre su pleito. Añadió que el Lcdo. Hernández Rodríguez le comunicó que había presentado una apelación ante el foro apelativo intermedio. Tras múltiples gestiones para volver a comunicarse con el licenciado Hernández Rodríguez, el quejoso acudió ante el Tribunal de Apelaciones donde le confirmaron que no existía ninguna apelación presentada a nombre de él, ni ningún recurso presentado por el licenciado Hernández Rodríguez. Así las cosas, el quejoso continuó comunicándose sin éxito a la oficina del licenciado Hernández Rodríguez.

Dicha queja se le comunicó al abogado de epígrafe el 26 de septiembre de 2007, mediante correo certificado, y se le concedió un término para que respondiera a lo alegado en su contra. La comunicación fue devuelta por el correo marcada "unclaimed". Nuestra Secretaría volvió a notificarle la queja el 7 de noviembre de 2007. El abogado no compareció ante nos. Por razones que exponemos más adelante, el 23 de septiembre

de 2008, el proceso disciplinario bajo esta queja fue paralizado.

### B. Queja AB 2008-95

El 16 de abril de 2008, el Sr. Rubén Velázquez Crispín presentó una queja en la Secretaría de este Tribunal contra el licenciado Hernández Rodríguez. Alegó que éste lo citó al estacionamiento del Banco Popular de Montehiedra para que le entregara tres expedientes que tenía sobre un caso ante la Administración de Corrección, para el cual lo había contratado. Luego del referido intercambio de los expedientes, según alegó, nunca volvió a saber del abogado. Esta queja se le notificó al licenciado Hernández Rodríguez mediante correo certificado el 2 de junio de 2008. Tras no haber recibido respuesta, nuestra Secretaría le concedió un término adicional el 15 de septiembre de 2008. El 19 de septiembre de 2008, compareció ante nos en representación del licenciado Hernández Rodríguez, la Lcda. Mady Pachecho García de la Noceda, Procuradora del Abogado del Colegio de Abogados de Puerto Rico (Procuradora del Abogado). Nos informó que al señor Velázquez Crispín se le habían devuelto sus expedientes. Esta queja también quedó paralizada el 23 de septiembre de 2008.

### C. Queja AB 2007-374

La Sra. Marcelina Escalera Pereira presentó una queja ante nos contra el licenciado Hernández Rodríguez. Alegó que lo había contratado para que la representara en un proceso ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos, tras ser despedida por su patrono. Según

expuso en su queja, el abogado de epígrafe acudió en su representación en varias ocasiones ante el Departamento del Trabajo y realizó varias gestiones a su favor. No obstante, fueron citados en cierta fecha para una vista a la 1:00 p.m. El licenciado Hernández Rodríguez llegó a las 4:00 p.m. y, como consecuencia, se tuvo que cancelar un proceso de mediación. En otras dos ocasiones posteriores, según la quejosa, el abogado no compareció. Ello causó que el caso fuera archivado por la Unidad Antidiscrimen y la señora Escalera Pereira no pudo comunicarse con Hernández Rodríguez para que le devolviera su expediente y documentos relacionados necesarios para obtener una nueva representación.

Esta queja le fue notificada al abogado mediante correo certificado, el 21 de diciembre de 2007. El 16 de enero de 2008, recibimos una carta de los padres del licenciado Hernández Rodríguez. En su exposición, solicitaron un término adicional a nombre de su hijo por éste encontrarse fuera de Puerto Rico. En respuesta, la Secretaría de este Tribunal le concedió un término adicional de treinta días. Así las cosas, el 4 de abril de 2008, compareció ante nos la Lcda. Mady Pacheco García de la Noceda, Procuradora del Abogado. En su comparecencia nos informó que los padres del abogado Hernández Rodríguez le habían solicitado su ayuda. Los padres, con quienes el licenciado residía desde hacía un tiempo, le informaron que éste había salido de Puerto Rico, a raíz de una condición mental que le aquejaba, sin notificarles su paradero y sin darles previo aviso. La

Procuradora del Abogado añadió que los padres estaban muy preocupados por el estado de salud mental de su hijo. En aras de proteger a terceros que pudieran verse afectados, solicitó que le informáramos todos los casos pendientes que tenía el licenciado Hernández Rodríguez para ésta, junto a sus padres, devolver documentos y expedientes que Hernández Rodríguez tenía en su poder. Por último, nos solicitó que tomáramos conocimiento de que el licenciado Hernández Rodríguez no gozaba de buena salud mental. Esto último se nos informó, además, mediante una declaración jurada prestada por los padres del abogado que se incluyó como anejo a la comparecencia de la Procuradora del Abogado.

Mediante su declaración jurada, los padres expusieron que su hijo sufría una profunda depresión que le impedía trabajar desde hacía cerca de un año; que estuvo bajo tratamiento con un sicólogo; y que había salido de Puerto Rico sin notificarles y luego supieron que se encontraba en el estado de Florida.

Así las cosas, el 30 de mayo de 2008, emitimos una Resolución en la que autorizamos que la Procuradora del Abogado obtuviera del Centro de Información de la Administración de Tribunales un listado de los casos activos del licenciado y las direcciones de sus clientes para que gestionara la devolución de los expedientes. Además, nombramos a la Procuradora del Abogado como abogada de oficio del licenciado Hernández Rodríguez, con la intención de proteger sus derechos ante el proceso disciplinario, en vista de su posible condición médica.

El 27 de junio de 2008, a tenor con dicha Resolución, se designó al Hon. Héctor Urgell Cuevas como Comisionado Especial para recibir prueba sobre la capacidad mental o emocional del licenciado Hernández Rodríguez, con instrucciones de comenzar el proceso bajo la Regla 15 del Reglamento del Tribunal Supremo, *supra*. El 16 de junio del mismo año, el Comisionado Especial emitió una Resolución citando a la Procuradora del Abogado y a la Procuradora General de Puerto Rico a una vista de estatus. Celebrada ésta, la Procuradora del Abogado informó al Comisionado Especial la dirección en la que se encontraba el licenciado Hernández Rodríguez en el estado de Florida.

Al licenciado Hernández Rodríguez se le ordenó, en la misma fecha, informar al Comisionado Especial las fechas que tuviera disponibles para acudir a una evaluación siquiátrica, conforme a la Regla 15(c) del Reglamento del Tribunal Supremo, *supra*. Así las cosas, el 11 de septiembre de 2008, compareció la Procuradora del Abogado ante el Comisionado Especial y le informó que el licenciado Hernández Rodríguez había regresado a Puerto Rico con la intención de enfrentar el proceso disciplinario de autos, por lo que solicitó que se procediera a concertar las evaluaciones correspondientes.

En vista de ello, el Comisionado Especial le ordenó a la Procuradora del Abogado y a la Procuradora General que nombraran sus respectivos peritos médicos. Asimismo, le apercibió al licenciado Hernández Rodríguez que, de acuerdo con la Regla 15(e) del Tribunal Supremo de Puerto Rico, *supra*, el negarse a someterse a examen médico ante los

siquiatras designados, se consideraría prueba *prima facie* de su incapacidad mental, lo que conllevaría las medidas que este Tribunal determine. Conscientes del proceso iniciado bajo la Regla 15 del Tribunal Supremo, *supra*, el 23 de septiembre de 2008, ordenamos mediante Resolución la paralización de las otras dos quejas detalladas anteriormente, AB 2007-249 y AB 2008-95.

Así las cosas, las partes designaron a sus médicos y el Comisionado Especial hizo lo propio. El 10 de noviembre de 2008, el Comisionado Especial emitió una Resolución nombrando el panel de tres médicos que evaluarían al licenciado de epígrafe, de acuerdo a las citas que los médicos le notificaran a éste. El licenciado Hernández Rodríguez asistió a las citas ofrecidas por la Dra. Myrna Zegarra Paz, siquiatra nombrada por el Comisionado Especial. En abril de 2009, ésta sometió un extenso informe en el que detallaba la condición mental del abogado. Explicó que éste padecía de una profunda depresión causada por problemas económicos, que comenzaron tras haber sido despedido de su empleo en 2005, a causa de una reducción de presupuesto en el Departamento de Recursos Naturales y Ambientales, donde laboró desde que se unió a la profesión.

El 14 de agosto de 2009, el Comisionado Especial emitió una orden en la que expuso que el licenciado Hernández Rodríguez  no había asistido a las citas provistas por los otros dos médicos. En vista de ello, el Comisionado Especial le concedió un término de cinco días para que mostrara causa por la cual no debía recomendarnos que aplicáramos la

presunción dispuesta en la Regla 15(e) del Reglamento del Tribunal Supremo, *supra*. El licenciado Hernández Rodríguez no compareció.

Así las cosas, la Procuradora General acudió ante nos, el 18 de agosto de 2009, y expuso que el abogado había sido citado en tres ocasiones a la oficina del médico designado por su Oficina. En ninguna de esas tres ocasiones acudió a la evaluación. El 26 de agosto de 2009, compareció el licenciado Hernández Rodríguez ante el Comisionado Especial y expuso que había asumido su propia representación legal y que se había sometido a la evaluación de la doctora Zegarra Paz y, también, del médico designado por la Procuradora del Abogado. Alegó que por razones "ajenas a su voluntad" no había podido asistir a la evaluación del médico designado por la Procuradora General. Añadió que estaba en total disposición de someterse a cualquier evaluación adicional que le requiriera el Comisionado. Además, informó que se había comunicado con la Oficina de la Procuradora General para intentar agilizar el proceso de concertar otra cita.

El 28 de agosto de 2009, compareció nuevamente la Procuradora del Abogado ante el Comisionado Especial e informó que se había reunido con el abogado de epígrafe y que solicitaba que se le relevara de su función de abogada de oficio, nombrada por nuestra Resolución del 30 de mayo de 2008. Alegó que habían surgido diferencias irreconciliables con su representado, por lo que solicitaba que le concediéramos un término al licenciado Hernández Rodríguez para obtener una nueva representación legal.

El 25 de septiembre de 2009, compareció la Procuradora General ante el Comisionado Especial y expuso que, tras habernos notificado que el licenciado Hernández Rodríguez había incumplido con las primeras tres citas gestionadas por su Oficina, le habían notificado una cuarta cita para el 17 de septiembre de 2009. Nuevamente, no asistió. A raíz de ello, la Procuradora General solicitó que se le relevara de tener que continuar haciendo esfuerzos para concertar citas médicas, por entender que era un ejercicio inútil. Tres días más tarde, recibimos una moción informativa del licenciado Hernández Rodríguez en la que nos informó que, con el propósito de cumplir con los requerimientos de este Tribunal y del Comisionado Especial, solicitaba que se le notificaran por escrito las citaciones del médico designado por la Procuradora General con el detalle correspondiente de lugar, fecha y hora.

A raíz de ese renovado interés del licenciado Hernández Rodríguez, la Procuradora General compareció nuevamente, el 13 de octubre de 2009, y alegó que había recibido la comunicación del abogado donde se reafirmaba en su deseo de cumplir con el proceso. Así las cosas, le notificaron por escrito, en la misma moción, una quinta cita para que compareciera ante el médico designado por dicha Oficina, el 20 de octubre de 2009 a las 2:00 p.m. e incluyeron la dirección física de la oficina donde debía acudir. En dicha moción, la Procuradora General señaló que ello constituía un esfuerzo por parte de su Oficina para lograr la evaluación del licenciado.

Lamentablemente, el 23 de marzo de 2010, recibimos una moción informativa de la Procuradora General donde nos informó que el licenciado Hernández Rodríguez tampoco acudió a la quinta cita. La Procuradora General se reafirmó en la petición anterior de que le reveláramos de continuar esfuerzos para lograr que el abogado acudiera a la evaluación. Además, solicitó que se aplicara la presunción que contempla la Regla 15(e) del Reglamento del Tribunal, *supra*.

El 20 de abril de 2010, el Comisionado Especial emitió una resolución en la que nos recomendó la aplicación de dicha presunción. El 4 de mayo de 2010, compareció ante nos el licenciado Hernández Rodríguez e informó que sí había acudido a una cita con el médico designado por la Procuradora General y que se encontraba sometido a un proceso evaluativo. Además, solicitó un término adicional para completar los requerimientos del médico.

El 4 de junio de 2010, emitimos una Resolución que le fue notificada a la dirección que utilizó el licenciado Hernández Rodríguez en sus comparecencias a través de este proceso. Allí, le ordenamos que, en un término de veinte días, se expresara sobre la solicitud de la Procuradora General y la recomendación del Comisionado Especial sobre su suspensión preventiva. Al día de hoy no hemos recibido su respuesta.

II.

En el ejercicio de nuestro poder inherente para reglamentar la profesión de la abogacía, hemos tomado medidas reglamentarias para garantizarle al público que los miembros

admitidos en la profesión están mentalmente aptos para ejercerla. In re Minerva Gutiérrez Santiago, res. el 22 de julio de 2010, 2010 T.S.P.R. 168. Este proceder es parte de nuestro interés para garantizar el buen funcionamiento del sistema judicial y los mejores intereses de los funcionarios y abogados que en ella laboran y postulan. Íd. Además, es parte de nuestro interés de que los abogados puedan realizar sus labores profesionales competente y diligentemente. 4 L.P.R.A. Ap. IX C. 18.

A tales fines, la Regla 15 de nuestro Reglamento, *supra*, provee un procedimiento disciplinario especial para casos de incapacidad mental de un abogado o situaciones en las cuales se sospecha que un abogado sufre de una condición mental o emocional que le impide representar efectivamente a sus clientes. La referida Regla, contiene un proceso donde se designa un Comisionado Especial y un panel de tres siquiatras.

En específico, la Regla 15(e) de nuestro Reglamento dispone que

> [s]i durante el procedimiento indicado en el inciso (c) [de esta regla] el(la)abogado(a) querellado(a) se negare a someterse al examen médico ante los siquiatras designados, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido(a) preventivamente del ejercicio de la profesión.

Es menester añadir que la suspensión preventiva de un abogado incapacitado no es un desaforo, sino una medida de protección social. In re Costa del Moral, 164 D.P.R. 943, 945 (2005).

III.

Somos sensibles ante la condición de salud que padece el abogado de epígrafe. Asimismo, tanto el Comisionado Especial como nosotros fuimos comprensivos y flexibles en la aplicación de los términos que se le concedieron para cumplir con los distintos requerimientos durante el proceso disciplinario en su contra. No obstante, el compromiso que deben asumir los abogados debe trascender su situación personal y existen medios para renunciar a la representación legal de clientes cuando el abogado no puede desempeñarse como se espera. Lo que no es aceptable es que se ignoren los requerimientos de los procesos disciplinarios.

Al licenciado Hernández Rodríguez se le ofrecieron varias oportunidades para acudir a las citas de evaluación médica. La Procuradora General realizó múltiples gestiones -que no fueron contradichas por Hernández Rodríguez- para lograr concertar una cita. Asimismo, sus padres acudieron ante nos para responder las notificaciones que se le enviaron tras éste haber dejado la jurisdicción sin informar al Tribunal su nueva dirección. Fueron múltiples los requerimientos incumplidos a través de este extenso proceso, incluyendo, finalmente, nuestra Resolución del 4 de junio de 2010. A diez meses de esa Resolución, sin contar con su comparecencia, nos vemos forzados a aplicar la presunción de incapacidad mental y de separar preventivamente al licenciado Hernández Rodríguez, al amparo de la Regla 15(e) del Reglamento del Tribunal Supremo, *supra*, del ejercicio de la profesión.

Como señalamos anteriormente, esta suspensión no constituye un desaforo, sino una medida de protección social. En el futuro, el licenciado Hernández Rodríguez podrá acreditar, conforme a la Regla 15(h) del Reglamento del Tribunal Supremo, *supra*, que se ha rehabilitado y está capacitado para ejercer la profesión nuevamente.

Por lo tanto, se suspende inmediata e indefinidamente al licenciado Gennoll V. Hernández Rodríguez del ejercicio de la abogacía. Se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta días, a partir de la notificación de esta Opinión.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gennoll V. Hernández Rodríguez          TS-14,138


SENTENCIA


En San Juan, Puerto Rico, a 8 de abril de 2011.


Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Gennoll V. Hernández Rodríguez del ejercicio de la abogacía.

Se le impone al abogado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de certificar ante este Tribunal el cumplimiento con lo anterior dentro de un término de treinta días, a partir de la notificación de esta Opinión.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo