EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Amalia Hernández Biascoechea | 2016 TSPR 100 <br><br> 195 DPR ____ |

Número del Caso: AB-2014-124
                 AB-2015-96

Fecha: 2 de mayo de 2016

Abogado del Promovido:

        Lcdo. Antonio J. Bennazar Zequeira

Oficina de la Procuradora General:

        Lcda. Karla Z. Pacheco Alvarez
        Subprocuradora General

        Lcda. Yaizamarie Lugo Fontanez
        Procuradora General

Materia: La suspensión será efectiva el 4 de mayo de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Amalia Hernández Biascoechea          AB-2014-124
                                      AB-2015-96


PER CURIAM

San Juan, Puerto Rico, a 2 de mayo de 2016.

En virtud del poder inherente de este Tribunal para reglamentar la práctica de la abogacía, estamos obligados a garantizar que quienes ejercen la profesión estén mentalmente aptos para realizar sus labores de forma competente y diligente. Ante tal ineludible compromiso, no hemos vacilado en implantar medidas para garantizar el desempeño de los abogados y abogadas que comparecen ante nos.

Hoy atendemos la situación de una abogada que admite y acompaña evidencia médica acreditativa de que enfrenta una condición mental, la cual le impide el ejercicio cabal y adecuado de las

funciones propias de la profesión, por lo que debemos tomar aquellas medidas de protección social mientras subsista esa incapacidad.

I

La Lcda. Amalia Hernández Biascoechea (licenciada Hernández Biascoechea) fue admitida a la profesión de la abogacía el 30 de junio de 2008. En su carrera profesional, ha sido objeto de múltiples quejas con relación a su desempeño como abogada. En todas éstas, se reclama la falta de atención y diligencia por parte de la letrada en el manejo de los casos, su falta de comunicación, y el cobro de honorarios, a pesar de no haber realizado las gestiones encomendadas.[1] Asimismo, la licenciada Hernández Biascoechea justificó sus actuaciones por su estado físico y mental de salud. Veamos.

**Queja AB-2014-124**

En lo concerniente al proceso AB-2014-124, éste inició cuando la Sra. Wanda I. Carrasquillo Rodríguez (señora Carrasquillo Rodríguez), reclamó haber contratado a la licenciada Hernández Biascoechea para incoar un reclamo patronal de despido injustificado. Para ello, la señora Carrasquillo Rodríguez sostiene que pagó a la letrada varios adelantos. De igual forma, señala que la contrató para tramitar una apelación ante el seguro social. Sin embargo, la quejosa sostuvo que perdió comunicación con la licenciada Hernández Biascoechea, quien no ejecutó la labor

---

[1] Entre estos procesos, se destacan las quejas siguientes: AB-2013-194, AB-2014-124, AB-2014-353, AB-2015-96.

para la cual fue contratada. Posteriormente, la señora Carrasquillo Rodríguez solicitó desistir de la queja presentada tras dialogar con la abogada y concederle una oportunidad para tramitar sus reclamos. En consecuencia, este Tribunal emitió Resolución el 20 de junio de 2014 ordenando el archivo del asunto.

No obstante, la señora Carrasquillo Rodríguez compareció nuevamente ante este Tribunal mediante escrito presentado el 13 de marzo de 2015. En éste, nos informó que la licenciada Hernández Biascoechea nunca le notificó en torno a la Sentencia obtenida en el caso encomendado. De la misma, surge que luego de presentada su acción, las partes demandadas solicitaron desestimación por prescripción. A pesar de habérsele concedido un término para que la licenciada Hernández Biascoechea presentara su posición, ésta no lo hizo. Tras examinar las solicitudes presentadas, el Tribunal de Primera Instancia procedió a desestimar la causa de acción de la señora Carrasquillo Rodríguez, por haber sido presentada en exceso de los tres años del despido.

Mediante Resolución emitida el 30 de junio de 2015, ordenamos a la licenciada Hernández Biascoechea que se expresara sobre el asunto traído ante nuestra consideración. Al día de hoy, la letrada no ha comparecido.

**Queja AB-2015-96**

De otra parte, la Sra. Elisa N. Pérez Moral (en adelante señora Pérez Moral) presentó una queja contra la licenciada Hernández Biascoechea. En ésta, alegó que

contrató a la abogada y le pagó honorarios para unos trámites judiciales que no realizó y desatendió. Asimismo, señaló que la licenciada Hernández Biascoechea se excusó y explicó que su mal proceder se debió a su situación de salud. La señora Pérez Moral concedió una segunda oportunidad a la letrada. Empero, la señora Pérez Moral indicó que debido a la falta de diligencia de la licenciada Hernández Biascoechea se dictó sentencia sumaria en su contra. Asimismo, denunció que la abogada se excusaba por su condición de salud.

La licenciada Hernández Biascoechea contestó la queja presentada y reconoció que adeuda $4,700 a la quejosa. Asimismo, indicó que estaba recibiendo tratamientos médicos en San José, Costa Rica. Particularizó que sufre de trastornos emocionales y de salud física, sumamente complicados y peligrosos que conllevan atención médica de un psiquiatra, Dr. Héctor R. Bird Baker. La letrada acompañó varios certificados médicos emitidos por su psiquiatra, de los cuales se desprende que ésta tiene un historial médico y los tratamientos recibidos, debido a su condición emocional. Los certificados médicos acreditan que estas condiciones impactan la habilidad de la abogada para lidiar con las actividades de su profesión e incluso con las actividades cotidianas. La severidad de sus condiciones conllevan su disfuncionalidad y le imposibilitan llevar a cabo sus labores usuales, por lo que incluso se le

recomendó ser hospitalizada.[2] Por ello, ésta viajó a Costa Rica, donde continuó su cuidado médico con el Dr. Guillermo Arce Martínez, y es tratada por varias condiciones. El galeno certificó que al momento actual estas condiciones la incapacitan para enfrentar sus responsabilidades profesionales.[3]

Posteriormente, recibimos el *Informe de la Procuradora General* en el cual se nos informa que, de la evaluación del expediente y de los documentos judiciales recopilados durante la investigación realizada, la licenciada Hernández Biascoechea pudo incurrir en violaciones a los Cánones 9, 12, 18, 19, 20 y 23 de Ética Profesional, 4 LPRA Ap. IX, C. 9, 12, 18, 19, 20 y 23. De igual forma, la Oficina de la Procuradora General resalta que la licenciada Hernández Biascoechea atribuyó la situación a diferentes problemas emocionales y de salud que le han impedido ser diligente en la profesión, por lo que recomendó evaluar si ésta se encuentra capacitada para ejercer la profesión.

II

El buen funcionamiento de la Rama Judicial depende de que este Tribunal ejerza su poder inherente para velar que quienes ejercen la práctica de la abogacía lo hagan de forma competente y diligente. *In re* Del Castillo del Valle, 191 DPR 633, 639 (2014); *In re* Rodríguez Amaro, 189 DPR 307, 312 (2013). En ese ejercicio, hemos tomado medidas

---

[2] *Véanse* los certificados médicos emitidos por el Dr. Héctor R. Bird Baker desde el 2013 hasta el 2014.

[3] *Véase* certificado médico emitido por el Dr. Guillermo Arce Martínez en el 2015.

reglamentarias para garantizar que los miembros admitidos a la profesión están mentalmente aptos para ejercerla. *In re Gutiérrez Santiago*, 179 DPR 739, 743 (2010). De esta forma, aseguramos el buen funcionamiento de la Rama Judicial. *In re Hernández Rodríguez*, 181 DPR 643, 651 (2011).

En este sentido, la Regla 15 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 15, contempla un procedimiento disciplinario especial para aquellos casos en los que una condición mental o emocional impida al abogado o abogada asumir, competente y adecuadamente, la representación legal de sus clientes o que le impida mantener el patrón de conducta profesional que debe observar. En estos casos, procede la suspensión indefinida del abogado o abogada incapacitada mientras subsista la incapacidad. *In re Del Castillo Del Valle*, *supra*, pág.640; *In re De León Hernández*, 187 DPR 1, 7 (2012); *In re Garrastegui Pellicia*, 183 DPR 251, 257 (2011). Véase, además, Regla 15(a) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 15(a).

Ahora bien, no podemos olvidar que la suspensión por razón de la incapacidad mental o emocional de un abogado o abogada, constituye una suspensión preventiva como medida de protección social y no un desaforo. *In re Costa del Moral*, 164 DPR 943, 945 (2005). En la mayoría de las ocasiones, esta medida de protección social se hace luego de llevar a cabo el procedimiento disciplinario especial contemplado en la Regla 15, *supra*. Íd. Empero, existen circunstancias en las cuales ese trámite se torna

innecesario. A modo de ejemplo, es innecesario ese trámite cuando la incapacidad mental del abogado o abogada queda acreditada por el hecho de mediar una declaración judicial de incapacidad o por estar recluido en un hospital u otro tipo de institución de cuido de enfermos mentales. Véase, Regla 15(b), 4 LPRA Ap. XXI-B, R. 15(b); *In re* Costa del Moral, *supra*, pág. 946.

Igualmente, el inciso (c) de la Regla 15 del Reglamento del Tribunal Supremo dispone claramente que el proceso allí dispuesto para nombrar un panel de tres médicos siquiatras, aplica cuando "**surjan dudas sobre la capacidad mental del abogado querellado o de la abogada querellada.**" 4 LPRA Ap. XXI-B, R. 15(c). (Énfasis suplido). Además, dicho proceso especial también tendrá lugar si el abogado o abogada querellada plantea la defensa de insanidad mental. Así, el Procurador o Procuradora General tendrá la encomienda de demostrar la sanidad mental del abogado o abogada para continuar con los cargos, y de determinarse que la parte no está mentalmente incapacitada, se le ordenará el pago de las costas del procedimiento de evaluación siquiátrica. Véase, 4 LPRA Ap. XX-I B, R. 15(f).

En consecuencia, la Regla 15, *supra*, dispone el procedimiento a seguir en aquellas instancias en las que **existe duda** sobre la capacidad mental o emocional de un miembro de nuestra profesión, o en aquellas instancias en que se utiliza una **alegada** incapacidad mental como defensa contra un procedimiento disciplinario. Empero, en ningún momento la Regla 15, *supra*, puede entorpecer el poder

inherente de este Tribunal de garantizar la competencia y capacidad de los abogados o abogadas que postulan ante el sistema judicial y cuya función primordial es proveer una adecuada y competente representación en beneficio del derecho que pueda cobijar a las partes que acuden ante nos. Máxime, cuando nos encontramos en una etapa previa a la radicación de querella, por lo que la Regla 15, *supra*, no constituye un escollo a nuestra facultad para atender aquellas situaciones en la que la propia abogada admite tener una condición mental que le impide ejercer la profesión de la abogacía y ésta ha sido evidenciada médicamente. Ello, unido al patrón de conducta profesional desplegado y conocido por este Tribunal, resultaría contrario a la economía procesal e inoficioso nombrar y examinar al abogado o la abogada por el oneroso proceso especial de la Regla 15, *supra*. En estos casos, este Tribunal podrá suspender indefinidamente, como medida de protección social, al abogado incapacitado o abogada incapacitada que así lo ha aceptado y probado fehacientemente.

## III

En el caso de la licenciada Hernández Biascoechea, ésta nos acreditó sus condiciones emocionales y físicas que le imposibilitan ejercer la profesión. Para ello, incluyó varios certificados expedidos por sus médicos psiquiatras en Puerto Rico y en Costa Rica. Incluso, de éstos se desprende que la letrada viajó a su país natal para ser hospitalizada por su condición emocional. De esta forma,

quedó establecido que la licenciada Hernández Biascoechea está impedida de ejercer la práctica de la abogacía por su condición mental o emocional. Lo anterior, y el patrón de conducta que surge de las quejas en su contra demuestran sin lugar a dudas, que la condición mental de la letrada le impide asumir con competencia una adecuada representación legal de sus clientes y mantener el grado de conducta profesional que exige su ministerio.

Ante tal realidad, resulta imperativo que este Tribunal tome la medida de protección social necesaria para proteger nuestro sistema judicial. En este caso, no procede remitir el asunto al oneroso proceso de evaluación contemplado en la Regla 15, *supra*, pues no albergamos duda alguna de que está incapacitada para ejercer la abogacía.

IV

Por los fundamentos expuestos, y luego de evaluada la prueba presentada, procedemos a suspender inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Amalia Hernández Biascoechea, hasta tanto pueda acreditar que se encuentra capacitada para ejercer su profesión nuevamente. Advertimos a la abogada que una vez acredite tal hecho, previo a su reinstalación deberá atender las quejas archivadas administrativamente por razón de su incapacidad. De igual modo, la abogada Hernández Biascoechea deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente de su

suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga alguna acción pendiente. La letrada Hernández Biascoechea deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado en un término de treinta días a partir de la presente notificación.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Amalia Hernández Biascoechea          AB-2014-124
                                      AB-2015-96

SENTENCIA

San Juan, Puerto Rico, a 2 de mayo de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Amalia Hernández Biascoechea, hasta tanto pueda acreditar que se encuentra capacitada para ejercer su profesión nuevamente. Advertimos a la abogada que una vez acredite tal hecho, previo a su reinstalación deberá atender las quejas archivadas administrativamente por razón de su incapacidad. De igual modo, la abogada Hernández Biascoechea deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga alguna acción pendiente. La letrada Hernández Biascoechea deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado en un término de treinta días a partir de la presente notificación.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo