EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Humberto Mercado Montenegro | 2016 TSPR 203  196 DPR ____ |
|---|---|

Número del Caso: TS-6109


Fecha: 9 de septiembre de 2016


Abogado del Lcdo. Humberto Mercado Montenegro:

Lcdo. Humberto Mercado Gotay
Tutor Legal

Programa de Educación Jurídica Continua:

Lcda. Geisa M. Marrero Martínez
Directora Ejecutiva

Oficina de la Procuradora General:

Lcda. Tanaira Padilla Rodríguez
Subprocuradora General

Lcda. Minnie H. Rodríguez López
Procuradora General Auxiliar


Comisionado Especial:

Lcdo. Carlos S. Dávila Vélez


Materia: Conducta Profesional – La suspensión será efectiva el 21 de septiembre de 2016, fecha en que se le notificó al abogado de su suspensión inmediata por conducto de su tutor legal.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Humberto Mercado Montenegro                TS-6109

PER CURIAM

San Juan, Puerto Rico, a 9 de septiembre de 2016.

En conformidad con la Regla 15 del Reglamento de este Tribunal, *infra*, y con el propósito de garantizar que quienes ejercen la abogacía estén mentalmente aptos para efectuar sus labores de forma competente y diligente, nos vemos obligados a suspender de la abogacía a un miembro de la profesión.

I

Este caso se remonta al 2014, cuando el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante este Tribunal una *Moción sobre el estado de la obra notarial; solicitando*

*autorización para incautar obra preventivamente; y otros remedios*. En lo pertinente, informó que como resultado de la inspección de la obra notarial del Lcdo. Humberto Mercado Montenegro[1] (licenciado Mercado Montenegro) se identificaron varias deficiencias, las cuales no habían sido atendidas diligentemente por éste. Del mismo modo, el Director de la ODIN expresó que el comportamiento desplegado por el licenciado Mercado Montenegro arrojaba dudas sobre su capacidad mental para continuar ejerciendo la notaría. En específico, indicó que el letrado lucía desorientado; no comprendía las consecuencias que conlleva el incumplimiento de sus deberes notariales; no llevaba una secuencia ordenada de sus escrituras; no recordada si autorizó instrumentos públicos; desconocía dónde los conservaba, y no estaba consciente de las gestiones que debía realizar para subsanar las faltas señaladas.

Ante ello, el Director de la ODIN solicitó que ordenáramos, como medida cautelar, la incautación de la obra notarial del licenciado Mercado Montenegro. Asimismo, nos recomendó iniciar un procedimiento a tenor con la Regla 15 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15, en aras de determinar si el letrado estaba apto para continuar ejerciendo sus funciones notariales.

Examinada la moción instada por el Director de la ODIN, el 23 de diciembre de 2014, emitimos una Resolución

---

[1] El Lcdo. Humberto Mercado Montenegro fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y a la

mediante la cual ordenamos la incautación inmediata de la obra y el sello notarial del licenciado Mercado Montenegro. De otra parte, le concedimos al letrado un término de veinte (20) días para que mostrara causa por la cual no debíamos iniciar el procedimiento conforme a la Regla 15(c) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(c).

En cumplimiento con lo anterior, el 26 de enero de 2015, el licenciado Mercado Montenegro presentó un escrito en el cual se limitó a indicar que siempre ha cumplido con las reglas y procedimientos de este Tribunal y a solicitar que le permitiéramos continuar ayudando a las personas que se lo pidan. Evaluado el escrito, el 13 de marzo de 2015, dictamos una Resolución mediante la cual expresamos que el licenciado Mercado Montenegro no había acreditado justa causa por la cual no debía ser referido al procedimiento dispuesto en la Regla 15 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15. En consecuencia, designamos al Hon. Carlos S. Dávila Vélez como Comisionado Especial (Comisionado). Ello, con el propósito de recibir prueba con relación a la capacidad mental del licenciado Mercado Montenegro, incluyendo el testimonio pericial del panel de psiquiatras designado, según lo dispone la citada Regla 15. A su vez, le ordenamos al Comisionado Especial rendir un informe dentro de los plazos establecidos en esta regla.

---

práctica de la notaría el 16 de noviembre del mismo año.

El 11 de mayo de 2015, el Hon. Carlos S. Dávila Vélez aceptó la encomienda de actuar como Comisionado. Así las cosas, requirió que tanto el licenciado Mercado Montenegro como la Oficina de la Procuradora General designaran un psiquiatra con el propósito de conformar el panel de tres psiquiatras, según lo dicta la Regla 15(c), 4 LPRA Ap. XXI-B, R. 15(c). De esta forma, el Comisionado designó al Dr. Raúl López. Por su parte, la Oficina de la Procuradora General nombró al Dr. Fernando Cabrera. En vista de que el licenciado Mercado Montenegro no cumplió con la orden de seleccionar un psiquiatra dentro del término concedido, el Comisionado designó por éste a la Dra. Cynthia Casanova Pelosi.

Cabe señalar que el Comisionado le advirtió al licenciado Mercado Montenegro que debía comunicarse con cada uno de los psiquiatras designados para pautar una cita y ser evaluado por éstos. Además, le apercibió que de negarse a someterse a las respectivas evaluaciones, ello se consideraría como prueba *prima facie* de su incapacidad mental, conforme lo dispone la Regla 15(e) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(e). Transcurrido el término concedido sin que el licenciado Mercado Montenegro informara si había coordinado la cita con los respectivos psiquiatras o si había sido evaluado por éstos, el Comisionado señaló una vista para que el letrado mostrara causa por la cual no se debía entender que se negaba a someterse a la evaluación de los psiquiatras. El

licenciado Mercado Montenegro no compareció a la vista señalada ni presentó excusa para su incomparecencia.

En vista de lo anterior, el Comisionado concluyó que el licenciado Mercado Montenegro se negó a someterse a la evaluación del panel de psiquiatras. Por tanto, le ordenó que mostrara causa por la cual no debía recomendarnos que activáramos la presunción que surge de la Regla 15(e) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(e), y consideráramos que el letrado se encuentra incapacitado mentalmente para practicar la profesión de la abogacía.[2]

Vencido el término concedido sin que el licenciado Mercado Montenegro compareciera o presentara evidencia de que fue evaluado por el panel de psiquiatras, el Comisionado emitió un *Informe* en el cual recomienda que consideremos el incumplimiento del letrado como prueba *prima facie* de su incapacidad mental, según surge de la Regla 15(e) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(e). Por tanto, aconseja que lo suspendamos del ejercicio de la abogacía.[3]

---

[2] Esta orden fue notificada personalmente al Lcdo. Humberto Mercado Gotay, quien es hijo del licenciado Mercado Montenegro. Cabe señalar que el licenciado Mercado Gotay le informó a los alguaciles encargados de diligenciar la orden que el licenciado Mercado Montenegro padece de sus facultades mentales.

[3] En el expediente personal del licenciado Mercado Montenegro obra un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, se indica que el letrado incumplió con los requisitos del Programa de Educación Jurídica Continua (PEJC) para el periodo de 1 de septiembre de 2009 al 31 de agosto de 2011 y para el periodo de 1 de septiembre de 2011 al 31 de agosto de 2013. Examinado el referido informe, el 7 de

## II

Sabido es que este Tribunal tiene el deber de velar por el buen funcionamiento del Poder Judicial y, por tanto, de procurar que quienes ejerzan la abogacía lo hagan de forma competente y diligente. *In re* Hernández Biascoechea, res. el 2 de mayo de 2016, 2016 TSPR 100, 195 DPR ___ (2016); *In re* Del Castillo Del Valle, 191 DPR 633, 639, (2014); *In re* Rodríguez Amaro, 189 DPR 307, 312 (2013); *In re* López Morales, 184 DPR 334, 347 (2012); *In re* Gutiérrez Santiago, 179 DPR 739, 743 (2010). Por tal razón, hemos tomado medidas cuando un miembro de la abogacía enfrenta una condición mental que le dificulta el ejercicio cabal y adecuado de las funciones propias de su profesión. *In re* Del Castillo Del Valle, *supra*, pág. 640; *In re* De León Hernández, 187 DPR 1, 7 (2012); *In re* Garrastegui Pellicia, 183 DPR 251, 256 (2011). Reiteradamente, este Tribunal ha indicado que cuando la condición mental de un miembro de la profesión no le permite ejercer cabalmente las funciones y deberes propios de la abogacía, procede su suspensión indefinida mientras subsista su incapacidad. *In re* Hernández Biascoechea, *supra*; *In re* Del Castillo Del Valle, *supra*, pág. 640; *In re* De León Hernández, *supra*, pág. 7; *In*

---

diciembre de 2015, emitimos una Resolución mediante la cual le concedimos al licenciado Mercado Montenegro un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. Del expediente personal del letrado no se desprende que haya cumplido con nuestra orden.

*re* Garrastegui Pellicia, *supra*, pág. 257; *véase*, además, 4 LPRA Ap. XXI-B, R. 15(a).

En armonía con lo anterior, la Regla 15 del Reglamento de este Tribunal contempla un procedimiento particular para examinar los casos de aquellos abogados o abogadas que enfrentan alguna condición mental que les impide desempeñarse de forma competente o diligente o les impide mantener el patrón de conducta profesional que se debe observar. *In re* Hernández Biascoechea, *supra*; *In re Del Castillo Del Valle*, *supra*, pág. 640. En lo pertinente al asunto ante nuestra consideración, la Regla 15(c) establece que cuando en el curso de un procedimiento disciplinario surjan dudas sobre la capacidad mental de un miembro de la profesión, este Tribunal nombrará un Comisionado Especial. *Véase* 4 LPRA Ap. XXI-B, R. 15(c). A esos efectos, el Comisionado Especial recibirá prueba de un panel de tres psiquiatras que evaluarán al abogado o abogada. Estos médicos serán designados por el Comisionado Especial, la Oficina de la Procuradora General y el abogado o abogada. Íd. El Comisionado Especial está facultado para señalar vistas y analizar la prueba que se presente, incluyendo las evaluaciones que los tres psiquiatras le realicen al abogado o abogada. Una vez sometidos los respectivos informes psiquiátricos, el Comisionado Especial emitirá un informe con sus recomendaciones para que este Tribunal tome la determinación que corresponda.

Es menester señalar que la Regla 15(e) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(e), establece una presunción de incapacidad mental contra el abogado o abogada que se niegue a someterse a los trámites provistos por la regla. *In re* Gutiérrez Santiago, *supra*, pág. 743. Es decir, si el abogado o abogada no se somete al examen médico de los psiquiatras designados, ello se considerará como prueba *prima facie* de su incapacidad mental, por lo que podrá ser suspendido preventivamente del ejercicio de la profesión. 4 LPRA Ap. XXI-B, R. 15(e); *véase*, además, *In re* López Morales, *supra*, pág. 348; *In re* Hernández Rodríguez, 181 DPR 643, 652 (2011); *In re* Gutiérrez Santiago, *supra*, págs. 743-744. Hemos afirmado que esta presunción es válida y necesaria para ejercer nuestra facultad reguladora del ejercicio de la abogacía y, además, constituye una salvaguarda para la sociedad y la administración de la justicia. *In re* Gutiérrez Santiago, *supra*, pág. 744.

En fin, si este Tribunal determina que el abogado o abogada no está mentalmente incapacitado, se ordenará la continuación de los procedimientos disciplinarios. 4 LPRA Ap. XXI-B, R. 15(f). En cambio, si se dictamina que está mentalmente incapacitado, procede suspenderlo del ejercicio de la abogacía. 4 LPRA Ap. XXI-B, R. 15(g). Adviértase que tal proceder no es considerado un desaforo; es, más bien, una medida de protección social. Íd.; *véanse*, además, *In re* Hernández Biascoechea, *supra*; *In re* Del Castillo Del Valle,

*supra*, pág. 641; <u>In re</u> Rodríguez Amaro, *supra*, pág. 312; <u>In re</u> López Morales, *supra*, pág. 347; <u>In re</u> Garrastegui Pellicia, *supra*, pág. 257.

### III

Conforme relatáramos, este caso comenzó cuando el Director de la ODIN presentó un informe ante este Tribunal en el cual, entre otros asuntos, señaló que le preocupaba la capacidad mental del licenciado Mercado Montenegro para seguir ejerciendo la notaría. Ello, en vista de la particular conducta desplegada por el letrado durante el proceso de subsanar las deficiencias señaladas a su obra notarial. A esos efectos, el Director de la ODIN nos recomendó que iniciáramos el procedimiento dispuesto en la Regla 15 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15.

Iniciado el referido procedimiento y configurado el panel de psiquiatras, el Comisionado le ordenó al licenciado Mercado Montenegro que pautara una cita con éstos con el fin de ser evaluado. No obstante, el letrado incumplió con esta orden, por lo que no pudo ser examinado por ninguno de los tres psiquiatras designados. Ante ello, el Comisionado nos recomendó que consideráramos el incumplimiento del licenciado Mercado Montenegro como prueba *prima facie* de su incapacidad mental, conforme surge de la Regla 15(e) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(e). En consecuencia, sugirió que lo suspendiéramos del ejercicio de la abogacía.

Ante el escenario descrito, procede que ejerzamos nuestra facultad inherente de regular la profesión. Ello pues, la negativa del licenciado Mercado Montenegro a someterse a las evaluaciones psiquiátricas constituye indicio suficiente y prueba *prima facie* de que padece un trastorno mental que le impide en estos momentos ejercer la práctica de la abogacía. El letrado tuvo la oportunidad de evitar que operara la presunción *prima facie* que establece la precitada Regla 15(e) del Reglamento de este Tribunal, pero no lo hizo.

**IV**

Por los fundamentos expuestos, acogemos la recomendación emitida por el Comisionado Especial. En consecuencia, nos vemos obligados a aplicar la presunción de incapacidad mental y, por ende, a suspender inmediata y preventivamente del ejercicio de la abogacía al Lcdo. Humberto Mercado Montenegro, hasta tanto éste pueda acreditar que se encuentra capacitado para ejercerla nuevamente.[4] Reiteramos que esta suspensión no constituye un desaforo, sino una medida de protección social.

Se le impone al licenciado Mercado Montenegro el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Asimismo,

---

[4]Advertimos al licenciado Mercado Montenegro que una vez acredite tal hecho, previo a su reinstalación, deberá atender el asunto relacionado a su incumplimiento con los requisitos del PEJC.

tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá

acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días (30) contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, en virtud de lo dispuesto en la Regla 15(g) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(g), nombramos al Lcdo. Humberto Mercado Gotay para que inspeccione los archivos del licenciado Mercado Montenegro y tome las medidas inmediatas que sean necesarias en los casos pendientes que éste tuviese, para proteger los derechos de los clientes. El licenciado Mercado Gotay deberá rendir un informe sobre su gestión a este Tribunal dentro del término de treinta días (30) contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Humberto Mercado Montenegro y al Lcdo. Humberto Mercado Gotay por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Humberto Mercado Montenegro                TS-6109

SENTENCIA

San Juan, Puerto Rico, a 9 de septiembre de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, acogemos la recomendación emitida por el Comisionado Especial. En consecuencia, nos vemos obligados a aplicar la presunción de incapacidad mental y, por ende, a suspender inmediata y preventivamente del ejercicio de la abogacía al Lcdo. Humberto Mercado Montenegro, hasta tanto éste pueda acreditar que se encuentra capacitado para ejercerla nuevamente.[5] Reiteramos que esta suspensión no constituye un desaforo, sino una medida de protección social.

Se le impone al licenciado Mercado Montenegro el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, tendrá que informar oportunamente de su

---

[5]Advertimos al licenciado Mercado Montenegro que una vez acredite tal hecho, previo a su reinstalación, deberá atender el asunto relacionado a su incumplimiento con los requisitos del PEJC.

suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días (30) contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Además, en virtud de lo dispuesto en la Regla 15(g) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 15(g), nombramos al Lcdo. Humberto Mercado Gotay para que inspeccione los archivos del licenciado Mercado Montenegro y tome las medidas inmediatas que sean necesarias en los casos pendientes que éste tuviese, para proteger los derechos de los clientes. El licenciado Mercado Gotay deberá rendir un informe sobre su gestión a este Tribunal dentro del término de treinta días (30) contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Lcdo. Humberto Mercado Montenegro y al Lcdo. Humberto Mercado Gotay por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo